WILLIAM T. GILMORE, Appellant, v. BERTHA GEIGER, Appellee.

JUNE 26, 1928.

*Henry L. Huber* and *J. M. Dower,* for appellant.

*P. P. White,* for appellee.

Evans, J.—On July 27, 1918, one Plagman executed and delivered to the plaintiff a certain mortgage for $16,500 upon his farm of 232 acres. The mortgage debt was represented by two notes of $10,000 and $6,500, respectively, bearing interest at 5½ per cent annually, and maturing March 1, 1926. On October 16, 1922, the defendant purchased said farm from Plagman, and received a deed therefor. She received from Plagman a warranty deed, subject to the plaintiff's mortgage, which mortgage was assumed by her in the following terms:

"Except one certain mortgage of $16,500 given to William T. Gilmore, which grantee assumes and agrees to pay and interest thereon."

This is the assumption clause upon which the plaintiff's action is predicated. The defendant answers that she has fully performed the obligation thus assumed by her, and that, prior to the suit, she had fully settled with the plaintiff all his demands upon her under such obligation. The defendant construed her assumption obligation to include only interest to fall due subsequent to her purchase, and to accrue on and after March 1, 1922. She paid all interest accruing and falling due after such date. At the time of the defendant's purchase, the indorsements on plaintiff's note, made by himself, showed interest to be paid in full up to March 1, 1921, and a credit of $500 applied on the interest due March 1, 1922. In October, 1925, and in contemplation of a full discharge of her obligation under her contract, the defendant, through the Conroy Savings Bank, addressed a letter to the plaintiff, who resided in Tipton, Iowa, requesting that he furnish her a statement of the full amount which he claimed from her under such contract. On November 2d, the plaintiff sent to the bank the statement requested, fully itemized and computed, and claimed a balance due him of $17,276.44. He sent to the defendant personally a duplicate of this statement. In his accompanying letter to the Conroy Savings Bank, he wrote:

"You can tell the present owners of the land that I want this mortgage paid when due and if not paid I will have to enforce collection."

The defendant sent to him the full amount claimed by him. Upon receipt of her draft, he marked his notes "paid," and mailed the same, with the mortgage and a release thereof, to the defendant. In June or July, 1926, he made a further demand upon her that she pay a judgment which he held against Plagman for some $1,100, which judgment had been obtained by him against Plagman on July 2, 1925, and which was entered on a promissory note of $907.50 signed by Plagman, March 1, 1921. This note had been given by Plagman for interest falling due on the date thereof. This is the bone of contention.

The present attitude of the plaintiff is that the note given by Plagman for the interest was not a payment thereof, but that it was simply evidence of the amount thereof, and was not intended by plaintiff to be accepted as payment; that, therefore, it was covered by the defendant's assumption contract, and she is liable therefor. The attitude of the defendant is that her assumption clause did not require her to pay "back interest:" that she did not know that there was any past-due interest; that the plaintiff's own indorsements on his notes purported to show that there was no delinquent interest; that the plaintiff had never claimed any obligation of that kind against her; that she had settled all his demands in full, prior to March, 1926, and had received from him full satisfaction thereof.

It will be seen from the foregoing that the record presents two pivotal questions:

(1) In accepting Plagman's note for $907.50, March 1, 1921, did the plaintiff intend the same as *payment* of the interest, and as a discharge of the lien of the mortgage therefor, as distinguished from the acceptance of mere collateral evidence of the amount of the interest due?

(2) Was there a full settlement between the parties of all demands due plaintiff under his mortgage and due from the defendant under her assumption contract?

An affirmative answer to either question is decisive. The action is at law, and is not triable here *de novo*. The plaintiff was not a witness in his own behalf. There is no plea of mistake or misunderstanding on his part. We think the circumstances disclosed in the record are sufficient to sustain the lower court in an affirmative answer to both the foregoing questions. As to the first question, the conduct of the plaintiff is quite

164

inconsistent with any other theory than that he accepted the $907.50 as payment, and that he was not thereafter claiming a mortgage lien for such interest. It is undeniable that he could have taken the note in question without waiving his right to sue for his interest on the original and principal note, if such had been the intent of the transaction. It is equally true that such a note could be accepted as payment, and that the plaintiff could commit himself to a right of recovery for interest exclusively upon such note. In all the payments of interest made by the defendant under her assumption contract in the ensuing three years, no claim was made to apply any of her payments upon the $907.50 note. The only application of payment made on such note by the plaintiff was out of a remittance made by Plagman himself, in December, 1923. In a letter to the Conroy Savings Bank, under date of January 9, 1926, plaintiff wrote:

"In regard to the claim of Mr. Plagman that his personal note was figured in the statement sent you I will say that on Dec. 21, 1923, he sent me a check for $200.00 interest and he did not say where it was to be applied so I gave his personal note credit for $160.70 the amount of interest due on it at that time. This amount was deducted of course when figuring the amount due me on his personal note for which I have judgment."

In the statement and computation sent by the plaintiff to the Conroy Savings Bank, November 2, 1925, he wrote:

"On December 21, 1923, $200.00 was paid. Of this amount $160.70 was applied as interest on a note given by him for $907.50 to pay the interest on the mortgage from March 1, 1920 to March 1, 1921, and the balance of the $200.00 viz. $39.60 was applied as interest on the mortgage. *This note still remains unpaid.*"

The last statement in the foregoing, italicized by us, is relied on by the plaintiff as indicating a claim by the plaintiff against this defendant for such note at such time. We see no aid to the plaintiff in this statement. On the contrary, it indicates that his omission of the note from his computation was not an oversight or a mistake. He was not claiming it

from the defendant, nor claiming that it came under the lien of his mortgage. This circumstance sustains the theory that he regarded the $907.50 note as payment, and that he was looking to Plagman alone for the payment thereof. The fact that he had made indorsement on his note to the effect that the interest was *paid* to March 1, 1921, is strongly indicative of his mental attitude at that time. It is true that the defendant did not see his indorsements, and knew nothing about them. It is equally true that she did not know of any delinquency of interest. Some consideration, also, should be given to the fact that the obligation created by the note for $907.50 was not identical with the obligation resting upon Plagman under the original and principal note. There was no provision in the principal note whereby past-due interest should draw interest, nor was there any penalty provided for delinquency of interest. The note accepted by him bore 8 per cent interest, and was drawn to mature in ten months. In June, 1925, he sued Plagman thereon, and obtained judgment for the full amount. He had never made any demand therefor on the defendant. It is suggested in his brief here that he did not know that the defendant had assumed his mortgage. There is no evidence to that effect in the record. He did not so testify. His correspondence indicates to the contrary. He sent to the defendant a duplicate of his computation of the amount due him. Defendant's deed was of record. He had received from her many remittances of interest, which he had applied upon the later accruing interest of the principal note. His letters of November 2, 1925, and of January 9, 1926, indicate clearly that he did not regard himself as having a lien under his mortgage for the Plagman judgment. This attitude was consistent only with the theory that he had accepted the note in payment of the interest. The warning contained in his letter of November 2, 1925, heretofore quoted, promised no leniency. He was demanding his full due, and was demanding it promptly. If he had believed that he still had a mortgage lien for the interest due March 1, 1921, it is evident that he would have then claimed it. We think, therefore, that the circumstances appearing in the record are quite abundant to sustain a finding by the lower court that the plaintiff intended the acceptance of Plagman's note as payment of the interest for that year.

Nor do we see any escape from an affirmative answer to the second question heretofore stated. The defendant *settled* with the plaintiff, and paid him his full demand. He could not split his cause of action in a settlement, any more than in an adjudication. The settlement is in no manner assailed by him, on the ground of mistake or otherwise. By this statement he exacted a greater sum than was legally due upon the items set forth therein. There had been some delinquency by defendant in the payment of her interest. The plaintiff demanded and included in his statement 8 per cent interest on all delinquent interest. There was no provision in his note that entitled him to any interest at all upon delinquent interest. The interest thus exacted amounted to a substantial sum. The defendant paid his demand in full. He accepted the same, and surrendered his mortgage and his notes, and executed a formal release. We think the settlement was complete. His change of attitude did not take place until June, 1926. This seems to have resulted from after events, which we have no occasion to set forth or to consider. We think the circumstances disclosed in the record were sufficient evidence to sustain the finding of the trial court.

The judgment is, accordingly,—*Affirmed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, ALBERT, MORLING, KINDIG, and WAGNER, JJ., concur.