Lawrence Knoll and Alfred Knoll, Plaintiffs-Appellants, v. Roy G. Swanson and Louis Thaden, Commissioner of Highways of Butler Township, Vermilion County, Illinois, Defendants-Appellees.

Gen. No. 10,912.

Fourth District.

February 28, 1968.

Albert Saikley, of Danville, for appellants.

Dobbins, Fraker & Tennant (French L. Fraker, of counsel), and Paul E. Karlstrom, of Champaign, for appellees.

CRAVEN, J., delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Vermilion County dismissing with prejudice, at plaintiffs' costs, plaintiffs' complaint as amended and permanently enjoining plaintiffs from filing or further prosecuting the cause of action or any other cause of action based on the facts alleged. The case arises out of a dispute over natural surface water drainage obstruction and an alleged oral settlement of the causes of action which plaintiffs thereafter repudiated.

Plaintiffs, Lawrence Knoll and Alfred Knoll, were owners of farmland in Butler Township, Vermilion County, situated adjacent to the east of farmland owned by defendant Roy G. Swanson. The farms were separated by a gravel township road running north and south.

Plaintiffs filed their complaint alleging that the farms were so situated that the natural drainage of surface waters of approximately 50 acres of plaintiffs' land was to the west and northwest from the land of plaintiffs across the gravel road, through a culvert, and onto and over Swanson's land; that on October 17, 1963, Swanson constructed an earthen levee or dam approximately 201 feet in length, 14 inches above the level of the gravel road and 27 inches above the level of his land west of the road; that the surface waters off plaintiffs' land were turned back to the east onto their land and were obstructed so as to accumulate on plaintiffs' land. Plain-

tiffs claimed damages to their crops and to the basement of their residence. They sought a permanent injunction against Swanson's obstructing the natural flow of surface water and a mandatory injunction requiring him to remove the levee and restore the natural state.

Count II of the complaint alleged that defendant Louis Thaden, as Commissioner of Highways of the Township, in 1939, had graveled the township road and removed a culvert under the highway into which tile drains of plaintiffs' land had drained for many years; that he failed to replace the culvert which resulted in failure of proper outlet for plaintiffs' land tiles, causing surface waters in times of excessive rainfall to back up onto their lands and to occasion numerous ponds and wet places; that periodically plaintiffs had requested Thaden to replace the culvert which he promised to do, but that he had failed to do so. Plaintiffs complained of damages to crops and reduction in value of their land because of Thaden's acts, and prayed for $5,000 damages and a mandatory injunction.

In Count III, plaintiffs complained that Thaden, in 1954, erected a ridge of dirt close to the fence line of plaintiffs' land, 5 inches above the road level, obstructing the natural flow of surface water from plaintiffs' land across the highway. Also, plaintiffs contended that in 1962, Thaden hauled chunks of sod on the west side of the road near the position of the ridge, thereby further obstructing the surface waters and throwing them back upon plaintiffs' land, resulting in crop damages of $5,000.

Defendant Thaden filed a motion to dismiss on the grounds that the rights were barred by the statute of limitations or laches, and on other grounds. This motion was denied and an answer denying the material allegations was filed. Defendant Swanson also filed a denial answer.

Plaintiffs filed an amendment specifying additional dates when the waters had backed up onto their land—in 1959, 1960, 1961 and 1962—and damaged the land.

When the case was called to trial on June 2, 1965, the court conferred in chambers with all the counsel and parties, instructing them to make all reasonable efforts to settle the suit. Several hours of settlement negotiations were had. Defendants offered a compromise settlement proposal, which plaintiffs rejected. Thereafter, plaintiffs' attorney made a settlement proposal.

After a short time, defendants indicated their acceptance. This proposal provided that the parties were to select a competent, disinterested civil engineer to view the premises, to investigate the drainage situation in dispute, to arrive at factual findings, and to make recommendations. The proposal, further, was that the findings of the engineer would be binding and that the dispute would be settled in accordance with his findings and recommendation. Thaden was to replace the culvert as formerly allegedly located and crop damages against him were to be waived.

The day following the making of such proposal by plaintiffs through their attorney and the indication by defendants of its acceptance, counsel for plaintiffs wrote a letter to counsel for defendants referring to the proposal and requesting that defendants pick an engineer and advise plaintiffs' counsel his name with dispatch. The next day, June 4, defendants' counsel sent a letter to plaintiffs' counsel, designating the name of an engineer acceptable to him.

On June 9, plaintiffs' counsel sent a letter to defendants' counsel, stating that his clients had been in his office the day prior and stated they did not wish to enter into any settlement or be bound by the engineer; that the plaintiffs did not understand the prior understanding and wanted the case to be settled by a trial. He

stated that the court should be informed that settlement was not possible and that the case should be set down for trial.

Defendants then filed their motion to dismiss the complaint and for injunction to enjoin prosecution, setting up that there had been a binding settlement agreement, attached to their motion the various letters, and contended that because of the wilful repudiation of the settlement agreement plaintiffs did not come into equity with "clean hands" and should be refused equitable relief. The court heard the motion and granted it, entering its order finding that the cause of action was settled by oral agreement of the parties and their respective counsel on June 2, 1965.

The court's order found that the parties agreed to select a competent, disinterested civil engineer to make certain findings and recommendations which would be binding and settle the dispute; that they also agreed that defendant Thaden would replace the culvert and crop damages against him would be waived; that plaintiffs repudiated the agreement and refused to perform its terms; and that plaintiffs by so agreeing had extinguished their causes of action and by their repudiation had refused to do equity and did not have "clean hands," so that they were not entitled to equitable relief.

The court, after hearing and denying a motion by plaintiffs for further hearing and reconsideration, entered its judgment from which the appeal is taken seeking reversal or, in the alternative, reversal and remandment for a new trial. Plaintiffs' trial-court counsel have withdrawn and new counsel now prosecutes this appeal.

 Settlement between the parties of disputed claims is encouraged and favored by the courts and should be given full force and effect. Thus, the Illinois Supreme Court, in Bingham v. Browning, 197 Ill 122, 64 NE 317 (1902), quoted with approval the statement in Farmers' Bank of Amsterdam v. Blair, 44 Barb (NY) 652:

> "Compromises are to be encouraged, because they promote peace, and when there is no fraud, and the parties meet on equal terms and adjust their differences, the court will not overlook the compromise, but will hold the parties concluded by the settlement."

A like approval was given to an agreement reached in an action in equity in Sontag v. New York Life Ins. Co., 305 Ill App 405, 27 NE2d 628 (1st Dist 1940).

■■ An agreement of compromise and settlement need not be in writing unless it is within the Statute of Frauds. Millers' Nat. Ins. Co. v. Kinneard, 136 Ill 199, 26 NE 368 (1891). There is nothing in the instant case within the prohibition of that statute. The mutual concessions of ending the litigation constitute sufficient valid and adequate consideration to support the agreement to end a bona fide dispute or a doubtful claim.

■■ Where an agreement of settlement is relied upon, the burden of proving it is upon the party alleging it. General rules of evidence apply to determine the existence of such an agreement, the matters included in it, and its performance or breach. While a settlement in writing may be easier of proof than that of the instant case, we note that no contrary evidence and no counter-affidavits were presented here to the trial court to the motion to dismiss and its attached letter exhibits. The letters of plaintiffs' attorney attached to the motion refer to "the understanding reached between us and our clients yesterday." Again, "As you understand, the reaching of the agreement yesterday was very difficult, no doubt for all of us, in negotiating between the two sides." These statements leave no doubt that an agreement to settle was reached. No contrary evidence being in the record to the allegations of the motion to dismiss, supported as they are by the attached exhibits, it shows a full settlement of all matters in the proceedings was contemplated.

■ In the absence of mistake or fraud, such a settlement, adequately established in the record, is conclusive on the parties as to all matters included in the settlement and will not lightly be disturbed or set aside. No mistake of law or facts, or lack of understanding of the settlement, is shown here which would justify this court in disturbing the settlement agreement.

■ Since there was a valid settlement agreement made in this case, it merged all included claims and causes of action, and is effectively a bar to any further prosecution of such claims in this or any other litigation. Having determined this, we are not called upon to determine what remedy might have been or might yet be available to the parties to enforce and carry out the terms of the settlement. The action of the circuit court of Vermilion County in dismissing the pending action, with prejudice, and enjoining further prosecution of the cause of action is affirmed.

Judgment affirmed.

SMITH, P. J. and TRAPP, J., concur.