RICHARD C. WESSEL, Ex'r of the Estate of Sigurd C. Wessel, Deceased, Plaintiff-Appellant, v. ELMER R. GLEICH, Defendant and Counterclaimant-Appellee.—(JAMES SELLERGREN et al., Defendants and Counterdefendants-Appellants.)

(No. 60422; ▮▮▮▮▮▮▮▮▮)

First District (5th Division)—October 24, 1975.

McCarthy, Scheurich, Duffy & Neidhart, of Chicago (John M. Duffy and Stephen A. Snakard, of counsel), for appellants.

Stewart I. Gartner, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

The instant appeal arises from two orders of the trial court (a) vacating and setting aside its prior judgment against defendant Gleich and setting the case for trial; and (b) holding a settlement agreement between the parties to be void and unenforceable. Plaintiff and the defendants Sellergrens contend the court erred in voiding the settlement agreement and setting the case for trial. Gleich argues the orders were correct because (1) proper notice was not given; (2) summary judgment was improper since a question of fact was presented; (3) he was denied representation of an attorney; and (4) a material mistake of fact existed.

This suit was brought by plaintiff,* Sigurd C. Wessel, a real estate broker, against Elmer R. Gleich, and James, Willard, Howard, Roland and Robert Sellergren (hereinafter Sellergrens) to recover a $50,000 commission allegedly due plaintiff for his services in connection with Gleich's sale, in August 1968, of his golf course in Palatine, Illinois, to the Sellergrens. Count I alleged that Gleich owed the commission per an exclusive written listing agreement which was orally extended and modified. Count II alleged that the Sellergrens were equally liable because the real estate contract between Gleich and the Sellergrens provided that "Buyer shall be responsible for payment of any brokers commissions whom they contacted." The Sellergrens answered denying these allegations. Gleich answered denying the allegations. He then filed a counterclaim in the nature of a third-party action against the Sellergrens for indemnity on the basis of the real estate contract provision quoted above. The Sellergrens answered, denying this also.

From the representations to the lower court by the attorneys for the various parties, we may adduce the following: In November 1973 a complete settlement was orally agreed to by all the parties through their attorneys, which provided that the plaintiff was to receive $27,500 of which Gleich was to pay $10,000 and dismiss his counterclaim against the Sellergrens with prejudice. The Sellergrens were to pay the balance of $17,500 in two equal installments. By agreement of all the parties the case was continued on the trial call to January 10, 1974, for the sole purpose of preparing formal settlement documents and to enable Gleich to wait until the year's end to favorably liquidate some securities for his contribution to the settlement proceeds. Written settlement stipulations and releases were prepared and signed by all the attorneys and forwarded to their respective clients for signature. All parties executed the stipulations and releases with the exception of Gleich.

On January 8, 1974, the attorneys for the parties appeared before the court for a hearing on the motion of Gleich's attorney to withdraw from the case. During the presentation of the motion, Gleich's attorney reported to the court that Gleich refused to sign the stipulation and withdrew from the settlement agreement, and that therefore he no longer desired to represent Gleich. Hearing on the motion was continued to January 10, 1974. The court told Gleich's attorney to advise Gleich to be present on January 10, 1974. Plaintiff's counsel and the Sellergrens' attorney advised the court concerning the details and documentation which

---

* While the litigation was pending, plaintiff died, and his son, Richard C. Wessel, executor of his estate, was substituted as party plaintiff.

had been prepared in connection with the settlement and of their desire to see its terms enforced. The court indicated that it would enforce the terms of the settlement and enter judgment against Gleich, and that it did not have any intention of vacating same if Gleich confirmed the existence of the settlement agreement and continued in his refusal to pay his contribution. Notices of motion for enforcement of a settlement agreement were sent to all parties on January 8, 1974. The notices did not mention the proposed disposition of Gleich's counterclaim.

Gleich's attorney was given leave to withdraw at the beginning of the January 10, 1974, hearing. At this hearing no witness was sworn, and no evidence was formally presented. Gleich told the court at this hearing that he had agreed to the settlement, but that now he changed his mind and wished to withdraw from the settlement agreement. A stipulation reciting the terms of the proposed settlement, signed by Wessel and the Sellergrens, was presented to the court. Gleich did not sign the stipulation. The court thereupon entered an order finding that a settlement agreement had been effected between the parties, which the court approved. Judgment was entered aaginst Gleich for $10,000, and the case as well as Gleich's counterclaim was dismissed, but the court reserved jurisdiction to enforce the settlement with respect to the Sellergrens.

On January 22, 1974, Gleich, through a different attorney, presented a verified petition to vacate the judgment order entered on January 10, 1974. The petition alleged that (1) Gleich was not represented by counsel at the hearing when the judgment was entered; (2) he had not received prior notice of the proceedings to enforce the settlement agreement; and (3) there was a material mistake of fact with regard to the settlement in that he believed it would still permit him to pursue his counterclaim against the Sellergrens. Plaintiff and the Sellergrens filed their respective answers and briefs with the court in opposition to the motion. On February 21, 1974, the court entered two orders. Gleich's attorney prepared one of these orders. It vacated the judgment order of January 10, 1974, and set the case for trial. It is unclear from the record which of the parties prepared the second order it recites:

> "This matter coming to be heard on defendant's Gleich motion to vacate the judgment order of January 10, 1974, which order was predicated on the agreements or alleged agreements of all parties and the court having vacated said order due to the withdrawal of Gleich from the settlement and all such agreements being mutual dependent and interrelated—
>
> "It is ordered that such agreements and stipulations as exist between any of the parties are determined to be void and un-

enforceable as if they were never entered into and the case is returned to the trial call as if no such agreements or stipulation were entered into."

No record has been presented to this court as to any proceedings occurring on February 21, 1974, but the parties have stated in their briefs that there was oral argument in chambers. Plaintiff and the Sellergrens appeal from these orders of February 21, 1974.

OPINION

■■ At the outset we are confronted with a question as to our jurisdiction to hear this appeal. Gleich has moved to dismiss this appeal on the ground that the orders of February 21, 1974, are not final or appealable, which motion we took with the case. With certain exceptions not here pertinent, appeals may be taken only from final judgments, orders or decrees of the circuit court. (*Felton v. Shead*, 6 Ill.App.3d 123, 285 N.E. 2d 162.) Therefore, we must determine if the orders of February 21, 1974, are final and therefore appealable.

A variety of definitions have been given for a final order, but the one most generally accepted holds that a final and reviewable judgment or decree is one which terminates the litigation on the merits of the case and determines the rights of the parties so that, if affirmed, the only thing remaining is to proceed to its execution. *Rosenthal v. Board of Education*, 239 Ill. 29, 87 N.E. 878; *Harris Trust & Savings Bank v. Briskin Manufacturing Co.*, 63 Ill.App.2d 12, 211 N.E.2d 32; *Felton*.

Other definitions have been proffered. In *Wyman v. Hageman*, 318 Ill. 64, 73, 148 N.E. 852, the court stated:

"The final decision from which an appeal lies does not mean, necessarily, such decision or decree, only, which finally determines all the issues presented by the pleadings, but also applies to a final determination of a collateral matter distinct from the general subject of litigation affecting only the parties to the particular controversy and finally settling that controversy."

(See also *Brauer Machine & Supply Co. v. Parkhill Truck Co.*, 383 Ill. 569, 50 N.E.2d 836 and *City of Park Ridge v. Murphy*, 258 Ill. 365, 101 N.E. 524.) In *Roddy v. Armitage-Hamlin Corp.*, 401 Ill. 605, 609, 83 N.E.2d 308, it was stated:

"* * * [W]e have recently held that a final judgment is one finally disposing of the rights of the parties on the merits of the general controversy, or it may be a judgment on the merits of only one definite and separate branch of the general controversy, if the effect of the decision is the final disposition of the litigation."

In *Brauer* it was noted that if the particular order was not appealable, there would be no method by which to obtain review, and *Rogers v. Barton*, 375 Ill. 611, 615, 32 N.E.2d 135, proposed that:

> "Where the decree retains jurisdiction in the court for further consideration of controversial matters pertaining to the merits of the cause, such as, in this case, the rights or title of the parties in or to the property, it is not a final and appealable decree."

Finally, it has been held that when a "judgment is set aside merely for the purpose of allowing the party to plead or interpose a defense the order is interlocutory * * *." *Bailey v. Conrad*, 271 Ill. 294, 295, 111 N.E. 105; *City of Park Ridge.*

Plaintiff and the Sellergrens rely chiefly on *Brauer* to support their position that these are final orders on a collateral issue. *Brauer* is readily distinguishable, however, because when the trial court quashed the service of process on the out-of-state defendant, admittedly a collateral issue, the suit or litigation was as effectively ended as if there was a decision on the merits. Here, however, the case was set for trial so that the merits of the controversy could be decided.

We believe a case more nearly on all fours with the present cause is the Illinois Supreme Court decision in *Bailey*. In *Bailey* the plaintiff sued defendant for an injunction to prevent the latter from building a wall. The parties entered into a written stipulation or settlement attempting to settle the rights of the parties upon all questions. The court then entered a final decree according to the terms of the stipulation. After the decree was entered, on motion of defendant, "the decree entered on said stipulation was vacated and set aside and * * * [defendant] * * * given leave to plead by a certain date." Plaintiff then appealed and sued out a writ of error from the order vacating said decree. Essentially this is what happened in the instant case. The court in *Bailey* concluded that the rights of the parties were not finally determined and the decree was interlocutory.

■■■ A settlement and the underlying issues of a case are closely related. If a court approves a settlement, it merges all included claims and causes of action and is a bar to further proceedings. (*Knoll v. Swanson*, 92 Ill.App.2d 398, 234 N.E.2d 543.) In the instant case the January 10, 1974, judgment was based upon the oral agreement and the stipulation, which Gleich did not sign, reciting the terms of that agreement. The court's vacatur of the January 10 judgment necessarily set aside that agreement. The vacatur order was not final in that it did not dispose of the litigation. Rather, it merely set the case for trial so that the rights of the parties could be determined.

Neither do we find that the second order entered on February 21,

1974, finding the oral agreement and the stipulation void, is appealable. In light of the vacatur order, this second order merely reaffirmed the determination that the agreement was set aside. It is to be noted that although this order was entered at the same time as the vacatur order, it was not prepared by Gleich's attorney. It seems instead to have been drafted by counsel for one of the other parties for the purpose of setting aside the stipulation between plaintiff and the Sellergrens. Therefore, it did not affect Gleich's rights since he did not sign the stipulation.

Finally, we point out that in reaching our holding that the two vacatur orders were not appealable, we express no opinion as to the validity of the oral settlement agreement.

For the reasons given above, the appeal is dismissed.

Appeal dismissed.

LORENZ and SULLIVAN, JJ., concur.