DOROTHY KEIM, Plaintiff-Appellant, *v.* MONROE KALBFLEISCH, JR., *et al.*, Defendants-Appellees.

Fifth District  No. 76-350

Opinion filed February 9, 1978.

Crowder & Associates, Ltd., of Columbia (Thomas H. Kuergeleis, of counsel), for appellant.

Hotto, Neubauer & Rosen, of Fairview Heights (Rick Rosen, of counsel), for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

On September 30, 1975, Dorothy Keim brought this action in the Circuit Court of St. Clair County against her brother and sister, Monroe Kalbfleisch, Jr., and Marie Kleinschmidt, to construe a clause of their father's will. Keim appeals from the court's order granting defendants' motion for a directed verdict at the close of plaintiff's case.

When Kalbfleisch, Sr., was alive, his son and daughters took turns caring for him. On October 3, 1972, Kalbfleisch, Sr., executed his will, naming his son executor. By his will the elder Kalbfleisch devised a parcel of real estate to each of his daughters and devised, in paragraph second, his farm house and 20 adjoining acres to his son, "provided that he keep and maintain me for the remaining years of my life." The three children are the residuary devisees under the will.

About a week after the execution of the will, on October 11, 1972, Kalbfleisch, Jr., placed his father in a nursing or shelter care home. Mr. Kalbfleisch, Sr., died there on October 27, 1972.

The will was admitted to probate and letters testamentary were issued to Monroe Kalbfleisch, Jr.

On February 9, 1973, Dorothy Keim commenced an action in the Circuit Court of St. Clair County to establish, by several legal theories, the invalidity of the will, naming as defendants her sister and brother, Monroe Kalbfleisch, Jr. Her complaint alleged that her father lacked the requisite mental capacity when he executed the will; that her brother unduly influenced their father, by misrepresentation and otherwise, to make the will; that her brother induced the decedent to execute the will by promising to keep and maintain him for the rest of his life but then placed him in a shelter care home contrary to his promises and the condition in paragraph second of the will; and that the paragraph second, devising the farm residence together with the "20 acres off the south side there," was too vague and uncertain to ascertain the actual intention of the decedent.

That action was dismissed with prejudice on February 24, 1975, pursuant to a settlement entered into between Keim and Marie Kleinschmidt and Monroe Kalbfleisch, Jr. The settlement was approved by the court and a final order dismissing plaintiff's cause of action was entered.

Several months later Keim filed the present suit alleging that Kalbfleisch, Jr., did not fulfill the condition of paragraph second of the will and that the farmhouse and adjoining 20 acres should therefore pass by the residuary clause of the will. In granting defendants' motion for a directed verdict at the close of plaintiff's case, the trial court found that plaintiff had not made a prima facie case that her brother had failed to keep and maintain the decedent pursuant to the terms of the will.

We need not reach the issue of the proper construction to be placed on the condition in paragraph second of the will and defendant's performance or nonperformance thereof as we hold that the instant action is barred under established principles of *res judicata*, specially pleaded in the trial court and again urged on appeal.

■■■ The doctrine of *res judicata*, or more applicable here, estoppel by judgment, "is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes·an absolute bar to a subsequent action involving the same claim, demand or cause of action" (*People v. Kidd*, 398 Ill. 405, 408, 75 N.E.2d 851, 853-54 (1947).). The doctrine "extends not only to what actually was decided in the original action but also to matters which could have been decided in that suit." *La Salle National Bank v. County Board of School Trustees*, 61 Ill. 2d 524, 529, 337 N.E.2d 19, 21-22 (1975), *cert. denied*, 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668 (1976); see also *City of Elmhurst v. Kegerreis*, 392 Ill. 195, 203, 64 N.E.2d 450, 453 (1945); *Zalduendo v. Zalduendo*, 45 Ill. App. 3d 849, 857, 360 N.E.2d 386, 392 (1st Dist. 1977); *Pierog v. H. F. Karl Contractors, Inc.*, 39 Ill. App. 3d 1057, 1060, 351 N.E.2d 249, 252 (1st Dist. 1976); *Turzynski v. Liebert*, 39 Ill. App. 3d 87, 90, 350 N.E.2d 76, 79 (1st Dist. 1976).

Plaintiff's first suit was to contest the validity of the will. One of the paragraphs of her complaint alleged:

"5. That said defendant, Monroe Kalbfleisch, Jr., induced to [*sic*] the decedent to execute the said will by promising to keep and maintain the decedent in his home for the remaining years of his life, but did after the will was executed on October 3, 1972 and precisely on October 11, 1972 caused [*sic*] the said decedent to be placed in the Green Briar Shelter Home, Millstadt, Illinois, contrary to the promises made to the decedent and conditioned in Paragraph Second of the Will."

In that suit, plaintiff prayed that the will and probate thereof be set aside and decedent's estate be distributed equally among the three children as intestate property. Her second complaint, to construe the will, alleged that "by reason of the failure of Monroe Kalbfleisch, Jr. to keep and maintain the decedent for the remaining years of his life," defendant

Kalbfleisch, Jr., is not entitled to take under paragraph second of the will. Plaintiff's prayer requests that the real property devised in paragraph second of the will pass instead by the residuary clause.

In both of the suits, the same parties were involved and judgment was rendered by a court of competent jurisdiction. For the doctrine of *res judicata* to bar the second suit, it must also be determined that the first suit resulted in a final judgment on the merits and that both suits presented the same claim, demand or cause of action. If these two elements are present, *res judicata* will bar a subsequent suit on issues which might have been, but in fact were not, litigated in the first suit.

■■■ If a court approves a settlement, it merges all included claims and causes of action and is a bar to further proceedings. (*Wessel v. Gleich*, 33 Ill. App. 3d 204, 208, 337 N.E.2d 743, 746 (1st Dist. 1975); *Knoll v. Swanson*, 92 Ill. App. 2d 398, 404, 234 N.E.2d 543, 546 (4th Dist. 1968).) Furthermore, a dismissal "with prejudice" is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. (*Bank of America v. Jorjorian*, 303 Ill. App. 184, 186-87, 24 N.E.2d 896, 897 (1st Dist. 1940).) We hold that the dismissal with prejudice of plaintiff's first complaint, pursuant to a settlement agreement, is a final judgment on the merits.

■■ Next, we turn to the question whether plaintiff's second suit presented the "same claim, demand or cause of action" as the first. In *City of Elmhurst v. Kegerreis*, 392 Ill. 195, 205-06, 64 N.E.2d 450, 454, our supreme court stated:

"A cause of action consists of the right belonging to the plaintiff for some wrongful act or omission done by the defendant by which that right has been violated; the thing done or omitted to be done which confers the right upon the other to sue—that is, the act or wrong of the defendant against the plaintiff which caused a grievance for which the law gives a remedy. [Citations.] A cause of action includes every fact necessary for the plaintiff or the complainant to prove to entitle him to succeed and every fact which the defendant would have a right to traverse; the right to prosecute an action with effect."

One test used to determine identity of causes of action is whether the same evidence would sustain both actions. (*Pierog v. H. F. Karl Contractors, Inc.*, 39 Ill. App. 3d 1057, 1061, 351 N.E.2d 249, 252 (1st Dist. 1976); *Turzynski v. Liebert*, 39 Ill. App. 3d 87, 90, 350 N.E.2d 76, 79 (1st Dist. 1976).) In both of the suits in question plaintiff sought to prove that defendant Kalbfleisch, Jr., did not "keep and maintain" decedent according to the condition of the devise. Although the suits nominally differed in the recovery sought, intestate distribution in the first and distribution through the residuary clause in the second, in either event the

brother and sisters would have taken equal shares. The assertion of different kinds of. theories of relief nevertheless constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief. *Pierog v. H. F. Karl Contractors, Inc.*

The judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

JONES and G. J. MORAN, JJ., concur.