**Ray E. DAVIS, Appellant,**

v.

**STATE of Iowa, Iowa State Executive Council, Iowa Merit Employment Department, Iowa Department of Revenue, G.D. Bair, Donald R. Cooper, and Wendell R. Dickey, Appellees.**

No. 88–1000.

Court of Appeals of Iowa.

Nov. 27, 1989.

Randy E. Trca of Randy E. Trca Law Firm, Iowa City, for plaintiff-appellant/cross-appellee.

child support payments she received throughout

Thomas J. Miller, Atty. Gen., and Charles S. Lavorato, Asst. Atty. Gen., for defendants-appellees/cross-appellants.

Considered by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Appellant Ray E. Davis appeals the district court's decision to sustain appellee's motion to dismiss. We affirm.

Appellant Ray E. Davis was employed as a Revenue Examiner I by the Iowa Department of Revenue from 1967 until his retirement in September 1986. Davis felt he had been unfairly denied a promotion to Revenue Examiner II. He filed suit in 1983 against the State of Iowa, Iowa State Executive Council, Iowa Merit Employment Department, Iowa Department of Revenue, G.D. Bair, Donald R. Cooper, and Wendell R. Dickey. The suit raised claims of age and disability discrimination and intentional infliction of emotional distress.

Appellant's initial case proceeded to trial on December 16, 1985. It was by then subject to a rule 215.1, Iowa R.Civ.P., dismissal if not tried prior to January 1, 1986. Following the noon recess, the parties informed the court they had reached an accord to settle the matter. Upon inquiry by the trial court, appellant clearly stated that he understood and agreed to the terms of the settlement agreement. Appellant did not reserve any rights thereunder.

Appellant subsequently refused to sign the settlement documents. He then changed counsel and attempted to revive his initial lawsuit. On October 29, 1986, the district court dismissed appellant's suit relying on Iowa Rule of Civil Procedure 215.1. No appeal from that ruling was taken.

Appellant filed this action on November 2, 1987, naming the same parties as defendants. His petition asserts three causes of action: breach of contract; intentional infliction of emotional harm; and discrimination on the basis of appellant's age and disability. The district court, in sustaining appellees' motion to dismiss, found that

her marriage to Arnold.

appellant's current action was barred by his settlement of the initial lawsuit.

■ We review on errors assigned. Iowa R.App. P. 4. The settlement agreement between the parties in their initial lawsuit was obviously designed to settle any then-existing disputes between them. Appellant did not reserve any rights under that agreement. As the Iowa Supreme Court has pointed out: "In the absence of an express reservation of rights, [a settlement agreement] disposes of *all claims* between them arising out of the event to which it related." *Casey v. Koos,* 323 N.W.2d 193, 198 (Iowa 1982) (emphasis added).

The plaintiff argues that he is not barred from asserting the claims in this second suit because he was unable to pursue them in his first. The trial court disagreed and so do we.

The parties entered into a valid settlement agreement. The settlement agreement covered the alleged actions of the defendant in denying plaintiff's promotion from a revenue examiner I to a revenue examiner II. The same essential operative facts are alleged in both petitions.

■ Plaintiff cannot split his cause of action in a settlement, any more than in an adjudication. *Gilmore v. Geiger,* 206 Iowa 161, 166, 220 N.W. 7, 9 (1928). A settlement contract has, in many respects, the attributes of a judgment in that it serves to bar reopening of the issues settled. *See A.J. Industries, Inc. v. VerHalen,* 75 Cal. App.3d 751, 758, 142 Cal.Rptr. 383, 388 (1978). Absent a fundamental defect in the agreement itself, the terms are binding on the parties. *Id.,* 142 Cal.Rptr. at 388.

It is not seriously disputed that the several grounds urged for recovery in this suit are the same as those prayed for in the first. But the plaintiff claims that at the time of the first suit he was a state employee covered by a union agreement and under that agreement, the union was his sole bargaining agent and thus the claims now asserted were not then available to him in the courts. He argues further that he now can raise these issues for he is no longer a state employee and thus not bound by the terms and provisions of that union agreement.

When we review the pleadings, it is clear that the remedy sought and settled in the first suit was the same remedy sought in this lawsuit. The appellant in each case asked for relief from these appellees as a matter of right. The court approved the settlement, and when it did so, it merged all included claims and causes of action. *Keim v. Kalbfleisch,* 57 Ill.App.3d 621, 15 Ill.Dec. 219, 222, 373 N.E.2d 565, 568 (1978). The trial court held, and we agree, that the settlement agreement was proper. That agreement is now binding upon the parties and the appellant is barred from relitigating any of those claims.

AFFIRMED.

HAYDEN, J., concurs.

OXBERGER, C.J., specially concurs.

OXBERGER, Chief Judge (specially concurring).

Appellant concedes in his brief that even though the original action was dismissed by operation of Rule 215.1, Iowa R.Civ.P., the case proceeded to a determination because the court had approved the settlement. With the concession the original action reached a determination, I concur that res judicata applies.