VERNA JOHNSON, Plaintiff-Appellee, v. DONALD E. HERMANSON, Defendant-Appellant (Unknown Owners, Defendants).

Fifth District   No. 5—90—0686

Opinion filed November 20, 1991.

Willis L. Mog, of Lebanon, for appellant.

Terry J. Neubauer, of Fairview Heights, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

This action originated from a "Bond for Deed" agreement entered into by the parties in July 1988. On October 23, 1989, plaintiff filed a "Complaint Forcible Detainer" claiming possession of said property under "Bond for Deed Agreement, Declaration of Forfeiture and Extinguishment of Rights." On February 26, 1990, after stipulating as to certain payments and expenses to be paid by defendant, the parties agreed to present the remainder of their dispute before the court. The only issue before the court was the amount "due and owing" on the "Bond for Deed" agreement. On March 6, 1990, the court found the remaining amount of the "balloon payment" owed to be $15,709.19 and instructed counsel to prepare a final order.

The parties thereafter agreed to a closing date of Monday, March 26, 1990. According to plaintiff, on Friday, March 23, 1990, she contacted defendant's attorney and expressed her expectation to be paid at the time of closing an additional $478.33 in *per diem* costs for defendant's use of the subject property from February 15, 1990, until the date of closing. Defendant claims this request was not made until 10 minutes after the scheduled closing time of 2 p.m., March 26, 1990. Defendant had already deposited the previously ordered sum in escrow, and consequently he refused to pay the additional *per diem* amount. Plaintiff refused to close under those circumstances. Defendant subsequently filed a "Motion to Compel Settlement and Conveyance of Deed" to the defendant. The circuit court entered judgment for plaintiff based on its conclusion that defendant failed to tender all monies due under the "Bond for Deed" including the *per diem* interest to the date of closing. The court found the demand for *per diem* was timely made by the plaintiff, and that in view of defendant's refusal to pay the *per diem*, plaintiff was not required to tender the deed and was within her rights in terminating the "Bond for Deed."

Defendant argues that on February 26, 1990, the parties entered into a stipulated settlement agreement and that only the issue

of the amount "due and owing" remained to be decided by the court. Defendant contends that there was a binding settlement agreement which could not be unilaterally altered. For the reasons which follow, we hold that the circuit court erred in its holding and we therefore reverse.

When the parties appeared before the court on February 26, 1990, they had already stipulated to the following payments due and owing: real estate taxes for 1988; interest on said taxes; the fair rental value of the property for November and December 1989 and January and February 1990; and contract payments for September and October 1989. Both parties stated that only the amount due and owing on the "balloon payment" remained at issue. On March 6, 1990, the court issued an order determining the amount due and owing on the "balloon payment" and instructing counsel to prepare a final order disposing of all issues. No mention of any *per diem* costs or interests occurred at the hearing or were noted in the order. The issue thus becomes, was there a settlement agreement reached by the parties on February 26, 1990, and finalized by the court in its March 6 order? The record indicates that both parties considered all issues "moot" with the exception of the "balloon payment" and demonstrates that the parties had entered into an oral agreement to finalize the transaction pending the March 6 order. We hold that such an agreement, once finalized by the order on the "balloon payment," was tantamount to a settlement agreement.

■■ Settlements based on oral agreements may be enforced as long as there is clearly an offer and an acceptance and a meeting of the minds as to the terms of the agreement. (*Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.* (1976), 42 Ill. App. 3d 865, 868-69, 356 N.E.2d 837, 840.) The fact that this dispute had lingered on for an extended period of time without conclusion and, as the record shows, the litigants became willing to settle their differences and place before the court the final issue clearly indicates an offer and an acceptance of a compromise. To establish a cause of action for enforcement of a settlement agreement, its proponent must not only show offer and acceptance, he must also show that the agreement was supported by good consideration. (*Thornberry v. Board of Education* (1972), 8 Ill. App. 3d 351, 353, 290 N.E.2d 360, 361.) The mutual concessions of termination of the litigation constituted sufficient and valid consideration to support the settlement agreement to end the dispute. (*Knoll v. Swanson* (1968), 92 Ill. App. 2d 398, 403, 234 N.E.2d 543, 546.) The record establishes that the parties knowingly and voluntarily accepted the settlement. We hold

that there was a meeting of minds as to the terms of the agreement. Any misunderstanding was unilateral, and the plaintiff in this case is bound to the agreement knowingly entered. *Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542, 548, 373 N.E.2d 550, 555.

When the parties brought the remaining issue of "all sums due and owing" before the court on February 26, 1990, they were entering into a settlement agreement. The fact that the parties had specifically stipulated on amounts due and owing, even to the interest on the 1988 real estate taxes which amounted to only $36.28, establishes that they had come to terms on all amounts due and owing with no essential terms left to future negotiations and only the issue of the "balloon payment" still to be decided by the court. Upon entering its March 6, 1990, order, the court, fully aware of the elements and stipulations, approved and finalized the settlement agreement.

▮▮ ▮ Public policy favors settlements and dictates that, in the absence of fraud or duress, settlements once made should be final. (*Fitzgerald v. Theisen* (1981), 101 Ill. App. 3d 193, 196, 427 N.E.2d 1044, 1046.) Once a court approves a settlement, it merges all included claims and causes of action and is a bar to further proceedings. (*Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 624, 373 N.E.2d 565, 568.) Agreements in settlement of litigation cannot be unilaterally altered as to material terms without the consent of both parties. (*In re Marriage of Maher* (1981), 95 Ill. App. 3d 1039, 1043, 420 N.E.2d 1144, 1147.) The record shows no sign of fraud or duress, and the March 6 order was equivalent to an approval by the court of the settlement agreement. The addition of the *per diem* to the finalized settlement was a unilateral alteration as to a material fact, "all amounts due and owing," without the consent of both parties. As such, the circuit court erred in its September 18, 1990, order by including the *per diem* amount as part of the "total amount of monies due" and in finding that a proper tender of monies due under the said "Bond for Deed" had not been made by the defendant. Where the contract requires money to be paid by the vendee and deed delivered by the vendor at a certain time, those covenants are mutual and dependent. Relief will not be denied where there is a fair and valid contract and the party seeking performance has performed, or offered to perform, all the terms and conditions required of him. *Miller v. Shea* (1921), 300 Ill. 180, 184, 133 N.E. 183, 184.

For the foregoing reasons, we hold that the circuit court erred in its September 18, 1990, finding for the plaintiff, Verna Johnson.

We, therefore, reverse and remand to the trial court for a disposition consistent with this opinion.

Reversed and remanded.

GOLDENHERSH and HARRISON, JJ., concur.