BUSHUE CORPORATION *et al.*, Plaintiffs-Appellants, v. FIRST NATIONAL BANK OF EFFINGHAM, Defendant-Appellee.

Fifth District    No. 5—93—0241

Opinion filed April 27, 1994.

Michael J. Meyer, of Meyer, Keller & Runde, of Effingham, for appellants.

Steven M. Wallace, of Carr, Korein, Tillery, Kunin, Montroy & Glass, of East St. Louis, for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:
Plaintiffs, Bushue Corporation (the corporation) and Mark Bushue and Stephen Bushue, individual shareholders of the corporation, appeal from the trial court's dismissal with prejudice of their complaint. Plaintiffs' complaint sought rescission, restitution, damages, and injunctive relief in relation to several loan agreements with defendant, the First National Bank of Effingham (the bank). The trial court's order dismissed plaintiffs' complaint on the basis that the claims asserted by plaintiffs were barred by a prior order of the United States Bankruptcy Court (the bankruptcy court), which had dismissed an almost identical lawsuit filed by the corporation against the bank in 1991. The issue we confront in this appeal is whether the trial court erred in finding that plaintiffs' claim is barred

by *res judicata*. For reasons we will discuss herein, we affirm the trial court's dismissal of plaintiffs' complaint.

The underlying sequence of events between plaintiffs and defendant began in 1986, when plaintiffs entered into a loan agreement with the bank, whereby the corporation gave the bank a mortgage and security interest in real estate owned by the corporation, as collateral for the obligations of Bushue Brothers, a general partnership (the partnership). In the years between 1986 and 1989, the bank entered into certain loan agreements with the partnership. The corporation's shareholders, including the plaintiffs Mark Bushue and Stephen Bushue, expressly approved the transactions between the bank and the corporation.

In March 1990, after the bank started collection procedures, the corporation commenced voluntary bankruptcy proceedings under chapter 12 of the Bankruptcy Code. (11 U.S.C.A. § 1201 *et seq.* (West 1993).) As part of those proceedings, the bank and the corporation entered into a stipulation, agreeing to a plan of reorganization for the corporation, whereby the bank's claims, which were based upon the loan agreements from 1986 through 1989, were allowed and the corporation agreed to pay the bank's claims and agreed not to pursue any further legal or equitable remedies against the bank. The stipulation was filed in the corporation's bankruptcy proceeding, and the bankruptcy court confirmed the stipulation and plan of reorganization.

In May 1991, the corporation filed a lawsuit against the bank in Effingham County circuit court, number 91—L—25 (the 1991 lawsuit), which was removed to the bankruptcy court the same month. The 1991 lawsuit asserted the following claims against the bank: in count I, the corporation sought rescission of the loan agreements, which were the subject of the parties' stipulation and plan of reorganization in bankruptcy court, and restitution of the money paid by the corporation to the bank, on the basis that the corporation did not have the authority to do business in the State of Illinois under section 13.05 the Business Corporation Act of 1983 (Ill. Rev. Stat. 1991, ch. 32, par. 13.05 (now 805 ILCS 5/13.05 (West 1992))); in count II, the corporation sought rescission and restitution on the theory of lack of consideration; in count III, the corporation alleged that the bank induced it by fraud to execute certain loan documents in 1986; and in count IV, the corporation sought compensatory and punitive damages against the bank.

On August 15, 1991, the bankruptcy court granted the bank's motion to dismiss the 1991 lawsuit. In its order of involuntary dismissal, the bankruptcy court found that prior to the hearing on the

bank's motion to dismiss, the corporation had filed a motion to dismiss the underlying bankruptcy proceeding, wherein the corporation alleged "[t]hat upon dismissal of the underlying bankruptcy proceedings, [the bankruptcy] court will lose jurisdiction over the instant adversary proceeding."

The bankruptcy court found that the main issue presented by the corporation's motion to dismiss the underlying bankruptcy was whether the corporation should be allowed to relitigate issues concerning the bank's claim which were dealt with under the terms of the corporation's confirmed plan of reorganization. The bankruptcy court found that there was a direct conflict between the corporation's assertions made in the adversary proceeding (the 1991 lawsuit) and the corporation's assertions made in the confirmed plan of reorganization.

The bankruptcy court found that the corporation had an absolute right to dismiss its chapter 12 bankruptcy proceedings at any time, but that right was not without limitations. The bankruptcy court stated, "[I]t is apparent that the [corporation] is unhappy with the results of its confirmed plan of reorganization and now wants to clear the slate and relitigate the issues resolved in the confirmed plan," and, "The bottom line is that the [corporation] wanted the protection of Chapter 12 until it no longer served its purpose and now wants to get out when the chips are down."

The bankruptcy court delayed the entry of the dismissal of the underlying bankruptcy proceeding until it first dismissed the 1991 lawsuit. The bankruptcy court specifically stated that the reason it delayed dismissal of the underlying bankruptcy was to protect the rights of the bank and to prohibit the corporation from using the Bankruptcy Code to deny the bank the rights it was granted under the confirmed plan of reorganization. In February 1992, the corporation requested the bank to comply with the terms of the confirmed plan, and the bank did so. The corporation did not voluntarily dismiss its chapter 12 bankruptcy case until April 1992.

In November 1992, the corporation filed another lawsuit against the bank in Effingham County circuit court, number 92—CH—28 (the 1992 lawsuit). The 1992 lawsuit consisted of six counts in which the corporation sought rescission, restitution, compensatory and punitive damages, and injunctive relief based upon the same theories of recovery asserted in the 1991 lawsuit. The bank filed its motion to dismiss the 1992 lawsuit, claiming, *inter alia*, that the stipulation and the order of the bankruptcy court confirming the corporation's chapter 12 plan of reorganization was *res judicata*, such that the corporation was barred from maintaining the 1992 lawsuit or any similar action against the bank.

On January 15, 1993, the circuit court granted the bank's motion to dismiss the 1992 lawsuit, stating, in pertinent part: that the 1992 lawsuit sought the same relief as the 1991 lawsuit which was removed to the bankruptcy court; that the bankruptcy court had dismissed the 1991 lawsuit on the merits; that the bankruptcy court's order of October 10, 1991, denying the corporation's motion to reconsider was a final and unappealed order; and that the bankruptcy court had clearly intended *not* to and did not vacate the 1991 lawsuit when it finally dismissed the underlying proceedings in April 1992. The circuit court additionally found that Mark Bushue and Stephen Bushue, as shareholders of the corporation, were "in privity with the family-owned corporation," such that the disposition of the corporate claim was *res judicata* to the named individual plaintiffs as well as to the corporate plaintiff. Plaintiffs do not challenge this finding on appeal. The trial court dismissed the 1992 lawsuit with prejudice, and plaintiffs appealed after the trial court denied their motion to reconsider.

We now turn to the basic issue presented by this appeal, whether the trial court erred in finding that the 1992 lawsuit was barred by the bankruptcy court's dismissal of the 1991 lawsuit. "The doctrine of *res judicata* provides that 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.' " (Emphasis omitted.) *Housing Authority v. Young Men's Christian Association* (1984), 101 Ill. 2d 246, 251, 461 N.E.2d 959, 961-62, quoting *People v. Kidd* (1947), 398 Ill. 405, 408, 75 N.E.2d 851.

Plaintiffs contend on appeal, as they did below, that the corporation's voluntary dismissal of the chapter 12 bankruptcy, after the dismissal of their adversary proceeding against the bank (the 1991 lawsuit), "had the effect of vacating the confirmed Chapter 12 Plan." Based upon their argument that the voluntary dismissal of the bankruptcy caused the earlier dismissal of the 1991 lawsuit to be vacated, plaintiffs assert that "the dismissal of the prior proceeding [the 1991 lawsuit] was not 'on the merits' within the purview of the doctrine of *res judicata*." We disagree.

A judgment is considered to be on the merits "when it amounts to a decision as to the respective rights and disabilities of the parties based upon the ultimate facts or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical or dilatory objections or contentions." (*Foreman v. Martin* (1975), 26 Ill. App. 3d 1028, 1030,

325 N.E.2d 378, 379.) We consider the bankruptcy court's order dismissing the corporation's adversary proceeding against the bank, which was made final and appealable by the court's later denial of the corporation's motion to reconsider that ruling, to be on the merits under the definition set forth in the *Foreman* case.

Plaintiffs argue that the bankruptcy court could not have reached the substantive issues and therefore could not have reached a decision on the merits, because it did not decide whether the corporation had the authority to do business in Illinois. We disagree that the bankruptcy court had to decide the issue of the corporation's authority or any other issue raised in the 1991 lawsuit, for the reason that the bankruptcy court's decision was based upon the *res judicata* effect of the corporation's stipulation and plan of reorganization. The bankruptcy court decided that the substantive issues raised by the corporation in the 1991 lawsuit had already been determined by the parties and approved by the court in the confirmed plan of reorganization.

More importantly, the bankruptcy court went to great lengths to specify that the dismissal of the 1991 lawsuit would not be vacated by the corporation's subsequent voluntary dismissal of the underlying bankruptcy. The circuit court recognized this fact in its order granting the bank's motion to dismiss the 1992 lawsuit. Furthermore, we agree that equity prohibits the corporation from resisting the bank's collection efforts through a plan of reorganization but later using the same circumstances and facts to litigate against the bank. Moreover, we agree with the circuit court that neither the trial court nor this court "serve[s] as a court of review regarding the Bankruptcy Court Order."

Additionally, even though we are not required to review the correctness of the bankruptcy court decision and choose not to do so in any event, we agree with the bank that the bankruptcy court's order was supported by both Federal and Illinois law. Of the applicable Federal law, the most relevant is section 349 of the Bankruptcy Code (11 U.S.C.A. § 349 (West 1993)), which states that "[u]nless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title *** vacates any order, judgment, or transfer ordered" under certain specified sections of the Bankruptcy Code. (11 U.S.C.A. § 349(b) (West 1993).) In other words, it is only when a previous order is entered pursuant to one of the sections listed in section 349(b) that it is vacated by the voluntary dismissal of a bankruptcy proceeding under chapter 12 of the Bankruptcy Code. However, section 349 does not list an order confirming a chapter 12 plan of reorganization as one of the orders that is vacated if the underlying bankruptcy is dismissed. 11 U.S.C.A. § 349(b) (West 1993).

Therefore, the final order entered in the adversary proceeding in bankruptcy court, the 1991 lawsuit, was not vacated by the corporation's voluntary dismissal of the underlying bankruptcy case. A similar decision was reached in the case of *In re Mulberry Chesterton Inn, L.P.* (S.D. Ga. 1992), 142 Bankr. 566, wherein the court held that an order entered in an adversary proceeding was not vacated by the subsequent dismissal of the underlying bankruptcy case. Most importantly, the court in the *Mulberry Chesterton* case employed a rationale very similar to that employed by the bankruptcy court in the instant case. The court in *Mulberry Chesterton* reasoned that section 349 must be strictly followed, for if not: "It would permit unsuccessful parties to litigate the same issues a second time. It would encourage debtors who unsuccessfully litigate in this Court to dismiss and try again elsewhere." *In re Mulberry Chesterton Inn*, 142 Bankr. at 568.

Under Illinois law, our conclusion is the same. Supreme Court Rule 273 (134 Ill. 2d R. 273) provides for the effect of an involuntary dismissal:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (134 Ill. 2d R. 273.)

The committee comments to this section state that the rule is new and "is based upon Rule 41(b) of the Federal Rules of Civil Procedure." (ILCS Ann., Supreme Court Rule 273, Committee Comments, at 542 (Smith-Hurd 1992).) As the bankruptcy court's order of involuntary dismissal was not "for lack of jurisdiction, for improper venue, or for failure to join an indispensable party" (134 Ill. 2d R. 273), it operated as an adjudication upon the merits.

In Illinois, the courts have also found *res judicata* to bar subsequent actions in situations similar to the case *sub judice*. The Illinois Supreme Court held that a default judgment in a Federal condemnation action against plaintiff's predecessor in interest barred plaintiff's subsequent action, and the court upheld the lower court's dismissal of the plaintiff's action. (*Housing Authority v. Young Men's Christian Association* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.) In *Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 373 N.E.2d 565, this court held that dismissal of a prior action on the basis of the parties' settlement agreement barred plaintiff's subsequent action on the same operative facts.

In support of their argument, plaintiffs cite *In re Nash* (9th Cir. 1985), 765 F.2d 1410, and *In re Shaffer* (N.D. Ohio 1985), 48 Bankr.

952. However, neither of these cases supports plaintiffs' assertions. Both cases involve the effect of a voluntary dismissal by the debtor upon a chapter 13 plan. Both cases held that the chapter 13 plan was effectively vacated by the voluntary dismissal. Neither case held that an involuntary dismissal of a debtor's claim against a creditor was vacated by a voluntary dismissal of chapter 13 proceedings. Moreover, the rationale employed by the court in *Shaffer* is contrary to plaintiffs' arguments herein. In *Shaffer*, as in the instant case, the court determined that the debtors could not use the protection of the bankruptcy court as a sword against their creditors. *Shaffer*, 48 Bankr. at 958.

For all of the reasons stated, we affirm the trial court's order dismissing plaintiffs' 1992 lawsuit with prejudice.

Affirmed.

CHAPMAN and RARICK, JJ., concur.