(No. 30555.—

FRANK B. RODDY *et al.,* Appellants, *vs.* ARMITAGE-HAMLIN CORPORATION *et al.,* Appellees.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17 1949.*

SHULMAN, SHULMAN & ABRAMS, (MEYER ABRAMS, of counsel,) both of Chicago, for appellants.

POPE & BALLARD, and PETER F. McNAMEE, both of Chicago, (FRANCIS H. URIELL, JOHN R. WHITMAN, and MARTIN A. HENDELE, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Frank B. Roddy, Samuel Baer, and Eli Metcoff, minority shareholders in the Armitage-Hamlin Corporation, brought an action in the circuit court of Cook County against the defendants, the Armitage-Hamlin Corporation, a building corporation, and the Admiral Corporation, a manufacturing company, seeking to have a lease executed by the building corporation, as lessor, and the manufacturing company, as lessee, declared null and void. The amended complaint consisted of two counts, the first charging a violation of section 72 of the Business Corporation Act (Ill. Rev. Stat. 1947, chap. 32, par. 157.72,) and the second charging fraud.

In the first count, plaintiffs allege that they are, and have been since 1941, the registered owners of a total of

189 shares of the capital stock of the Armitage-Hamlin Corporation, an Illinois corporation; that the only important asset of the corporation is its building at the intersection of Armitage and Hamlin streets, in Chicago; that the sole business of the corporation consisted of operating, managing and leasing the building to various tenants; that the gross income from rentals for the year ending April 30, 1945, was $65,451.44, and the net operating income was $47,191.07; that, after acquiring control of the corporation, the Admiral Corporation, as lessee, made important additions and improvements to the original building for its own benefit; that the corporation executed a new mortgage for $150,000, and used $125,000 to reimburse the Admiral Corporation for the improvements; that, by a resolution adopted September 20, 1945, the board of directors abandoned the management and operation of the building by leasing the entire premises to the Admiral Corporation for a period of five years at a net rental of $50,500 per year; that, in abandoning the business and leasing the building to a single tenant, at a net rental, the corporation entered into a transaction out of the regular and usual course of its business, without giving notice to its shareholders or obtaining the approval of the holders of two thirds of its outstanding shares; and that the corporation violated section 72 of the Business Corporation Act providing that a sale, or lease, of all, or substantially all, the property and assets of a corporation may be authorized by a resolution of the board of directors recommending the sale or lease, followed by written notice of a shareholders' meeting and the affirmative vote of the holders of at least two thirds of the outstanding shares entitled to vote at the meeting. Plaintiffs asked that the lease be declared null and void and removed as a cloud, and that the court grant such other relief as to equity may seem proper.

All the allegations in count one were incorporated in count two and other allegations added. The gist of the

second count is that, at the date the lease was executed, the fair rental value of the property ·was approximately $105,000 and that the directors and officers of the corporation knew the rental provided for in the lease to the Admiral Corporation was far below the true value of the property but failed to solicit other tenants and executed the lease because they had been elected and were controlled by the lessee corporation. Plaintiffs further alleged that no demand for action had been addressed to the Armitage-Hamlin Corporation because it would be futile and that, their interest being identical with all other shareholders, except the Admiral Corporation, the present action was filed for the common interest of all shareholders. In addition to seeking a declaration that the lease was null and void, plaintiffs prayed that Admiral Corporation be required to pay a reasonable rental for its past occupancy and that future rental be fixed by the court or by competitive bidding.

Upon motions of defendants to dismiss the amended complaint, the chancellor entered an order dismissing the first count for the want of equity and denied the motion as to the second count. With the action on the second count still pending in the circuit court, plaintiffs prosecuted an appeal from the order dismissing the first count to the Appellate Court for the First District. Defendants moved to dismiss the appeal on the ground that the order appealed from was not a final order, and the Appellate Court dismissed the appeal. We have granted plaintiffs' petition for leave to appeal.

The sole issue presented for determination is whether the order dismissing the first count of the amended complaint is a final and appealable order, within the contemplation of section 77 of the Civil Practice Act. (Ill. Rev. State, 1947, chap. 110, par. 201.) Plaintiffs proceed on the theory that the cause of action stated in count one is personal to them as shareholders, while count two is a

derivative action brought for the primary benefit of the corporation; that the two counts contain separate and distinct causes of action; that the dismissal of one cause of action was a final order, and that their right to appeal should not be precluded by the mere circumstance that they joined in one complaint two actions which could have been brought separately. Defendants, on the other hand, maintain that both count one and count two are derivative actions and that an order dismissing one or more, but less than all, counts of a complaint attacking a single transaction on several grounds is not a final order.

A final order has been variously defined. In general, to be final and appealable, an order or decree must terminate the litigation between the parties on the merits of the cause, so that, if affirmed on review, the trial court has only to proceed with the execution of the order or decree. (*Rogers* v. *Barton,* 375 Ill. 611; *Free* v. *The Successful Merchant,* 342 Ill. 27.) While this definition is well established and ordinarily applicable, other less restrictive expressions have frequently been expounded. For example, we have recently held that a final judgment is one finally disposing of the rights of the parties on the merits of the general controversy, or it may be a judgment on the merits of only one definite and separate branch of the general controversy, if the effect of the decision is the final disposition of the litigation. (*Moffat Coal Co.* v. *Industrial Com.* 397 Ill. 196; *Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569.) Furthermore, it is settled that even the final determination of a collateral matter distinct from the general subject of litigation and settling the particular issue as between the parties is a final and appealable order. (*Wyman* v. *Hageman,* 318 Ill. 64; *Sebree* v. *Sebree,* 293 Ill. 228.) Approaching the problem from another viewpoint, a decree retaining jurisdiction for future determination of matters of substantial controversy between the parties is not final (*Rettig* v. *Zander,* 364 Ill. 112; *People*

*ex rel. Nelson* v. *Stony Island State Savings Bank,* 355 Ill. 401,) but an order is final for purposes of review where only incidental matters are reserved for future consideration, (*Groves* v. *Farmers State Bank,* 368 Ill. 35; *Eich* v. *Czervonko,* 330 Ill. 455,) and, lastly, an order may be a final and appealable determination even though matters of substantial controversy remain to be disposed of in the trial court. *Newberry Library* v. *Board of Education,* 387 Ill. 85; *Hoier* v. *Kaplan,* 313 Ill. 448.

The definitions and announced tests of a final judgment order or decree must be considered primarily with reference to the facts of the particular case. Cases involving an assertion of the right to appeal from an order dismissing only one of several counts in a complaint are extremely rare. Plaintiffs direct our attention to *Newberry Library* v. *Board of Education,* 387 Ill. 85, where the finality of an order dismissing only one count of a complaint was considered. In the *Newberry Library case,* we said, "The controversy in this action arises over count two of the complaint, count one being a suit filed by the plaintiffs as holders of bonds of the board of education of another date and series. To count one, the board of education filed an answer, and that cause is still pending in the circuit court. The judgment in this case was one dismissing count two, which disposes of that branch of the case and renders the judgment final and appealable, though the case as to count one remains undisposed of."

While the facts of the two cases are not identical, defendants' attempt to distinguish the *Newberry Library case* is not persuasive. Defendants point out that in the case cited each count pertained to, and asked relief with respect to, two separate and distinct bond issues, and argue that the case at bar is distinguishable on its face because each count asks for the same relief and involves a single lease transaction. Defendants fail to perceive, however, that the

cases are substantially similar in that in each case two distinct causes of action were joined and in each case one count was dismissed. In count one of the instant case, plaintiffs seek to have the lease set aside and to protect their rights as dissenting shareholders. This cause of action is personal to them as shareholders, and is separate and apart from the admittedly derivative cause of action found in count two of the amended complaint. The action in the first count was not for the corporation but against the corporation and belonged to the plaintiffs personally. (*Zahn v. Transamerica Corp.* 162 Fed. 2d 36; 13 Fletcher, Private Corporations (1943 rev.,) secs. 5911, 5915.) Obviously, it could properly be made the subject of a separate proceeding against the Armitage-Hamlin corporation. The *Newberry Library case* is controlling here because both cases involve joining two separate causes of action in the same complaint. The mere circumstance that count one involves shareholders' rights growing out of the execution of a lease while count two concerns the rights of the corporation in the same lease and both counts, in part, ask for the same relief, is immaterial. The order in this case is one dismissing count one, which disposes of a branch of the case and renders the determination final and appealable, though the case as to count two remains undisposed of.

*Hoier v. Kaplan,* 313 Ill. 448, lends additional support to the conclusion that the dismissal of count one was a final order. There, the plaintiff sought to foreclose a mechanic's lien consisting of both contract items and extra items. Defendants filed a demurrer. Although the demurrer was overruled in part, it was also sustained in part, and the complaint was dismissed as to certain items of extras. From the order of dismissal, plaintiff appealed to the Appellate Court. A motion to dismiss the appeal for the want of a final order was denied and the decree was affirmed on the merits. The cause came before this court on a cer-

tificate of importance. Announcing the test to be "whether the decree or order appealed from determines the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration," it was held that the order of dismissal was a final determination of the rights of the parties with reference to a definite and separate portion of the subject matter of the controversy and was, therefore, appealable. In like manner, the order in the instant case determined the ultimate rights of the plaintiffs against the Armitage-Hamlin Corporation, a distinct matter having no bearing on the rights of the Armitage-Hamlin Corporation against the Admiral Corporation sought to be enforced by plaintiffs in their derivative action contained in the second count. It should also be observed that all the items listed in the complaint in the *Hoier case* grew out of the same transaction and all were addressed to the single relief of a foreclosure of the mechanic's lien.

Defendants argue that the statutory provision making only final judgments, orders and decrees appealable stems from the policy of limiting litigants to but one appeal. Suffice it to say that where the parties have joined two distinct and separate causes of action and each cause is finally decided on its merits at different intervals of time, the parties have the right to separate appeals from each final order entered in the case. Defendants are unduly apprehensive that the present decision will open the way to repeated appeals in cases involving several grounds for the same relief in the same subject matter, even before such cases progress beyond the pleading stage. It is only where the several counts of a complaint set up definite and distinct causes of action which could be prosecuted in separate proceedings that the final disposition of a single count on the merits will result in a final and appealable judgment, order or decree.

The judgment of the Appellate Court dismissing the appeal for the want of a final order is reversed and the cause remanded to that court, with directions to hear the appeal on the merits.

*Reversed and remanded, with directions.*