MILTON W. FELTON *et al.,* Plaintiffs-Appellees, *v.* MINJO B. SHEAD *et al.,* Defendants-Appellants.

(Nos. 55314, 55393 cons.; ▮▮▮▮▮

First District—May 30, 1972.

Downs, Pixler & Schwab, of Chicago, for appellants.

Fred J. Ginsburg, of Chicago, for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from plaintiffs' endeavor to seek satisfaction of a money judgment by confession in the amount of $1322.69 entered against defendants on April 24, 1969. After execution was returned unsatisfied, plaintiffs sought a confirmation of judgment order in accordance with Ill. Rev. Stat., ch. 62, par. 82.[1] The order was entered on August 4, 1969, after defendants failed to appear at the confirmation hearing. Defendants, however, later filed a motion to quash service of summons for the hearing and to vacate the judgment. On November 24, 1969, after a hearing on the motion, the court vacated the confirmation order subject to the condition that defendants make a payment of $112 on the judgment. Defendants subsequently refused to make the payment.

Upon the theory that the failure of defendants to pay $112 nullified vacation of the confirmation order, plaintiffs caused to be issued a summons and interrogatories to obtain a wage deduction order. The sum-

---

[1] The statute provides:

"A judgment by confession without service of process on the defendant shall not be the basis for seeking a deduction order, unless such judgment is confirmed after service of process by a trial de novo, as if such confession of judgment had not been obtained * * *."

mons bore a return date of June 8, 1970. However, on May 28, 1970, defendants moved to quash the wage deduction summons, and the same day a hearing on the motion was held. The motion was denied and defendants appeal directly from that order. The wage deduction hearing was never held.

Defendants contend that the court below erred in denying their motion to quash the summons because the confession of judgment was never validly confirmed as required by statute. They urge (a) that plaintiffs failed to obtain valid service of process upon defendants prior to the confirmation hearing, and (b) that the order vacating the confirmation of judgment was not contingent upon payment of any money and that the confirmation was effectively vacated by the court below. Therefore, Ill. Rev. Stat., ch. 62, par. 82 precluded issuance of the wage deduction summons.

Plaintiffs respond that this appeal is premature because it is not based upon a final order of the Circuit Court, and that this court should dismiss the appeal.

OPINION

Because of the dispositive nature of plaintiffs' contention, we initially consider the finality of the order denying defendants' motion to quash the summons.

The Wage Deduction Act (Ill. Rev. Stat., ch. 62, par. 71 et seq.) contains the statutory authority for enforcement of judgments by levying against the judgment debtor's wages. Enforcement is begun upon the judgment creditor's application for issuance of summons and written interrogatories to the employer. After expiration of a return date of not less than 30 nor more than 40 days from date of issuance, a hearing is held to determine whether a wage deduction order, requiring the employer to make periodic deduction from his employee's wages to satisfy the judgment, is to be entered. The Act provides that the issues will be tried at the hearing as in other civil cases, and that all the provisions of the Civil Practice Act are applicable to the proceedings.

In the case at bar, plaintiffs caused the summons and written interrogatories to issue, but defendants filed their motion to quash the summons before the return date had expired and prior to the required hearing. Upon denial of the motion, defendants immediately appealed and the wage deduction hearing was never held.

■■ Except for instances specifically authorized by our Supreme Court,[2] appeals may be taken only from final judgments, orders or

_____

[2] Ill. Rev. Stat., ch. 110A, par. 307 provides that, in certain instances concerning equitable actions and receiverships, appeals from interlocutory decisions of the Circuit Court are authorized.

decrees of the Circuit Court. (*Treece v. Shawnee Community School Dist. No. 84* (1968), 39 Ill.2d 136, 233 N.E.2d 549; *Keen v. Davis* (1969), 108 Ill.App.2d 55, 246 N.E.2d 467.) Only where the decision appealed from disposes of the entire controversy on the merits, so that, if affirmed, the trial court need only proceed with execution of the judgment, does an appeal lie. (*Roddy v. Armitage-Hamlin Corp.* (1948), 401 Ill. 605, 83 N.E.2d 308.) The decision appealed from here does not satisfy the requirements of this rule. The appeal is taken from the denial of defendants' motion to quash the summons for a wage deduction hearing which was never held. The motion was an attack upon the validity of the judgment underlying the proceeding, and the same attack could later be made at the wage deduction hearing upon remand. It is well established that either the court upon its own motion, the responding employer, or the judgment debtor himself may challenge the validity of the underlying judgment at such a hearing. (*Cerone v. Clark* (1969), 110 Ill.App.2d 301; *Chiaro v. Lemberis* (1960), 28 Ill.App.2d 164, 171 N.E.2d 81; *O'Toole v. Helio Products, Inc.* (1958), 17 Ill.App.2d 82, 149 N.E.2d 795.) Therefore, if our decision on the merits were an affirmation of the denial of the motion to quash, it would be subject to relitigation below. Since the issue of the validity of the underlying judgment has not been finally decided, the order is merely interlocutory and not appealable.

Accordingly, this Court cannot take cognizance of the controversy and it must be dismissed.

Appeal dismissed.

SCHWARTZ and LEIGHTON, JJ., concur.