SILVER CROSS HOSPITAL, Plaintiff-Appellant, v. RUBEN CAMPBELL *et al.*, Defendants-Appellees.

Third District   Nos. 3—85—0045, 3—85—0153 cons.

Opinion filed January 30, 1986.

Thomas E. Orr, of John A. Falasca & Associates, of Joliet, for appellant.

No brief filed for appellees.

JUSTICE SCOTT delivered the opinion of the court:

This consolidated appeal is taken from judgments entered for the plaintiff, Silver Cross Hospital, against the defendants, Ruben and Maggie R. Campbell and Harvey L. Cronan and Sandra K. Roberts. Silver Cross Hospital (hereinafter the hospital) filed a complaint to obtain payment of $4,890.32 for services rendered to the defendants, Ruben Campbell and Maggie R. Campbell. The defendants, *pro se,* admitted the allegations of the complaint, and the trial court awarded judgment in favor of the hospital for the full amount of its claim plus costs. The court granted the defendants' motion for an order of installment payments of $100 per month. The hospital's motion to vacate the order of installment payments was denied by the court.

The hospital also filed suit to obtain payment for services against Harvey L. Cronan and Sandra K. Roberts. The hospital was awarded a judgment of $2,911.36 plus costs, and the court entered an installment payment order of $60 per month. The hospital brings the instant appeal from the judgment entered in these cases.

■ We note at this point that no appellee's brief has been submitted by the defendants in either case. It is well established, however, that where the record is simple and a court of review can easily decide the disputed errors without an appellee's brief, the reviewing court may determine the merits of the appeal. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) We further note that the hospital has filed only the common law records in both appeals. No reports of proceedings or substitutes, therefore, have been submitted as required under Supreme Court Rule 323 (87 Ill. 2d R. 323).

Though the briefs filed by the hospital refer to these cases emanating from a small claims court of Will County, a close examination discloses that such was not the case. The cases were heard in the law magistrate division of the circuit court of Will County. This division hears and determines cases where the monetary sum involved does not exceed $15,000.

■ The underlying issue raised in this appeal is whether a trial court can enter an order for installment payments of a judgment when such judgment was not entered in a small claim action pursuant to the provisions in Supreme Court Rule 281 *et seq.* We are cognizant of the fact that in a small claim action the trial court may provide that a judgment shall be paid in specified installments but

that the installment payments shall not extend over a period in excess of three years duration. (87 Ill. 2d R. 288.) This rule has no applicability in the instant case, since as heretofore stated, the judgments with which we are concerned were not obtained in a small claim action.

We are unaware of any case law or statutory authority which would permit a trial court to order installment payments of judgments such as were entered in the instant cases. The election of the method of enforcing of judgments, with the exception of those entered in a small claims case, is vested in the judgment creditor. The only reference to the payment of a judgment in installments, with the exception of that found in Supreme Court Rule 288, is to be found in section 2—1402(b)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402(b)(2)). This statutory provision of our Code of Civil Procedure is titled and pertains to supplementary proceedings. The judgment creditor may elect what course he desires to pursue in order to collect his judgment including the decision as to whether or not supplemental proceedings are desired as provided by section 2—1402 (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402). In the instant cases, no supplementary proceedings were undertaken by the hospital.

No issue has been raised concerning the validity of the judgments entered by the trial court, and consequently we determine them to be valid. However, for the reasons set forth, the order of the circuit court of Will County directing installment payments of the same should be vacated. We therefore reverse the orders directing installment payments, and the cases are remanded to the trial court with directions to enter an order vacating the same.

Reversed and remanded with directions.

HEIPLE, P.J., and STOUDER, J., concur.