# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*A.J. Smith Federal Savings Bank v. Sabuco*, 2013 IL App (3d) 120578

---

| | |
|---|---|
| Appellate Court Caption | A.J. SMITH FEDERAL SAVINGS BANK, Plaintiff-Appellee, v. JOHN SABUCO, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0578 |
| Filed | May 10, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings arising from the foreclosure of defendant's mortgage on a commercial office building, the appellate court had no jurisdiction to address defendant's appeal from the denial of his motion for the entry of a release and satisfaction of the deficiency judgment underlying the mortgagee's wage deduction summons two days prior to the wage deduction hearing, since the denial of defendant's motion was interlocutory and not appealable until the validity of the deficiency judgment was decided at the hearing. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 09-CH-3403; the Hon. Mark Thomas Carney, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

John V. Schrock, of Sabuco, Beck, Hansen & Schrock, P.C., of Joliet, for appellant.

Raymond J. Ostler, Nazia J. Hasan, Erin E. Showerman, and Chuck T. Little, all of Gomberg, Sharfman, Gold & Ostler, P.C., of Chicago, for appellee.

Panel

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Presiding Justice Wright and Justice Holdridge concurred in the judgment and opinion.

## OPINION

¶ 1      Plaintiff A.J. Smith Federal Savings Bank made a loan to defendant John Sabuco. The loan was secured by a mortgage on a commercial office building. At the time of the mortgage, Sabuco also executed an assignment of rents in favor of plaintiff. Several months later, after Sabuco made no payments on the mortgage loan, plaintiff filed a complaint for mortgage foreclosure and a petition for possession of the property. The trial court entered an order granting plaintiff possession of the property and later entered a judgment of foreclosure and a deficiency judgment against Sabuco for $40,500. Before a wage deduction hearing was held, Sabuco filed a motion for entry of release and satisfaction of judgment, alleging that the deficiency judgment could be satisfied by rental payments plaintiff received for the mortgaged property. The trial court denied the motion, and Sabuco appealed. Because the trial court's order was not a final and appealable judgment, we dismiss this appeal.

¶ 2      On May 20, 2008, Sabuco obtained a loan from plaintiff for $300,508, which was secured by a mortgage on a commercial office building located at 10269 Lincoln Highway in Frankfort. On the same date, Sabuco executed an assignment of rents in favor of plaintiff for any rent paid by a lessee of the mortgaged property. The assignment provided that plaintiff could use the rents collected to pay costs and expenses incurred by plaintiff "in connection with the Property" and that "any such Rents received by Lender which are not applied to such costs and expenses shall be applied to the Indebtedness."

¶ 3      Sabuco made no payments on the loan. On August 10, 2009, plaintiff filed a complaint for foreclosure against defendant. Plaintiff later filed a petition seeking possession of the mortgaged premises. On the same day, plaintiff filed a motion to file an amended complaint for mortgage foreclosure, joining Lott Management, Inc., a tenant of the mortgaged property, as a defendant in the foreclosure action.

¶ 4      On February 9, 2010, the court granted plaintiff's motion to file an amended complaint and entered an order appointing plaintiff as the mortgagee in possession of the property.

Among other things, the order gave plaintiff "the power to *** collect rents, operate, manage and conserve said property, find tenants and enter into leases."

¶ 5        Sabuco did not file an answer or respond to plaintiff's complaint for mortgage foreclosure. Plaintiff filed a motion for default against Sabuco, which the trial court granted. The trial court also entered a judgment of foreclosure and sale against Sabuco. According to the judgment, Sabuco owed plaintiff a total of $345,014.43.

¶ 6        A public sale of the property was held on March 9, 2011. Plaintiff was the only bidder, at $160,000. According to the sheriff's report of sale and distribution, the plaintiff calculated defendant's deficiency to be $197,864.92. One month later, plaintiff filed a motion for personal deficiency judgment against Sabuco in the amount of $197,864.92. The trial court entered an order approving the report of sale and distribution and confirming the sale and order of possession. The court also entered a deficiency judgment against Sabuco for $40,500. Thereafter, plaintiff served an affidavit for a wage deduction order, a wage deduction notice and a wage deduction summons on Sabuco and Eldertree Enveco, Inc., in an attempt to satisfy the deficiency judgment.

¶ 7        Sabuco filed a motion to dismiss plaintiff's wage deduction summons, arguing that plaintiff sent him a Form1099-C Cancellation of Debt, which precluded plaintiff from pursuing a deficiency judgment against him. Thereafter, Sabuco withdrew his motion to dismiss and filed a motion for entry of release and satisfaction of judgment. In his motion, Sabuco alleged that plaintiff had received $27,900 in rental payments from Lott Management, a tenant of the mortgaged property. Sabuco argued that those rental payments should satisfy the judgment against him. Attached to Sabuco's motion was his affidavit, stating that in late September 2009, Sabuco "signed Lott Management, a top-quality tenant, (based on credit rating) to a long-term (12-year+) automatically-renewable lease at the rate of $1500/mo. with yearly escalations of $150/mo." The affidavit further stated that as soon as the lease was signed, Sabuco "assigned the lease to A.J. Smith Federal Savings Bank, and all lease payments and escalations were sent directly to the bank."

¶ 8        On June 20, 2012, the trial court denied Sabuco's motion for release and satisfaction of judgment, and scheduled the wage deduction hearing for July 12, 2012. On July 10, 2012, Sabuco filed a notice of appeal from the trial court's denial of his motion for release and satisfaction.

¶ 9                                        I

¶ 10       A mortgagee in possession is a trustee of the mortgagor and is bound to keep proper account of the rents and profits received by him. *Rogers v. Barton*, 386 Ill. 244, 256 (1944); *Hirsh v. Arnold*, 318 Ill. 28, 39 (1925); *Walker v. Warner*, 179 Ill. 16, 28 (1899); *Moshier v. Norton*, 100 Ill. 63, 68 (1881). A mortgagee in possession must apply the rents and profits he collects toward the mortgagor's debt. *Miller v. Frederick's Brewing Co.*, 405 Ill. 591, 595 (1950); *Williams v. Marmor*, 321 Ill. 283, 288 (1926); *Walker*, 179 Ill. at 28. When a mortgagor assigns rents to a mortgagee, the mortgagee must apply those rents toward the payment of principal and interest on the note and mortgage held by the mortgagee. *Bartholf v. Bensley*, 234 Ill. 336, 342 (1908).

¶ 11    The "Wage Deduction Act" (735 ILCS 5/12-801 *et seq.* (West 2010)) contains the statutory authority for enforcement of judgments by levying against the judgment debtor's wages. *Felton v. Shead*, 6 Ill. App. 3d 123, 126 (1972). After a judgment creditor applies for issuance of a summons, a hearing is held to determine whether a wage deduction order, requiring the employer to make periodic deduction from his employee's wages to satisfy the judgment, is to be entered. *Id.* At that hearing, the court, garnishee or judgment debtor may challenge the amount or validity of the underlying judgment. *Id.*; 735 ILCS 5/12-808.5(4) (West 2010).

¶ 12                                              II

¶ 13    When a debtor files a motion contesting the validity of the judgment underlying a wage deduction proceeding prior to a wage deduction hearing, a trial court's denial of such a motion is not final and appealable because "the same attack could later be made at the wage deduction hearing." *Felton*, 6 Ill. App. 3d at 126. A court order denying a debtor relief from a judgment underlying a wage deduction proceeding is merely interlocutory and not appealable because the issue of the validity of the underlying judgment will not be finally decided until the wage deduction hearing. *Id.* Only after a wage deduction hearing will the trial court's judgment be final and appealable. *Id.*

¶ 14    We have jurisdiction to review only orders that are final and appealable. *American Country Insurance Co. v. Chicago Carriage Cab Corp.*, 2012 IL App (1st) 110761, ¶ 21. An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof. *In re Marriage of Bolte*, 2012 IL App (3d) 110791, ¶ 14. An appeal lies when the decision appealed from disposes of the entire controversy on the merits so that, if affirmed, the trial court need only proceed with execution of the judgment. *Felton v. Shead*, 6 Ill. App. 3d 123, 126 (1972).

¶ 15    Here, prior to the wage deduction hearing, Sabuco filed a motion for release and satisfaction from the deficiency judgment. That motion was denied. Two days prior to the scheduled wage deduction hearing, Sabuco appealed the trial court's order denying his motion for release and satisfaction. Sabuco's motion for release and satisfaction was an attack on the judgment underlying the wage deduction proceeding, which could be made at the wage deduction hearing. See *Felton*, 6 Ill. App. 3d at 126. Since the validity of the underlying judgment will not be finally decided until the wage deduction hearing, the trial court's order denying Sabuco's motion for accord and satisfaction is merely interlocutory and not appealable. See *id.*

¶ 16    Thus, we lack jurisdiction to consider the trial court's order denying Sabuco's motion for entry of release and satisfaction and dismiss this appeal.

¶ 17    Appeal dismissed.