2020 IL App (3d) 190541

Opinion filed December 18, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| KAREN K. DILENBECK, as Sole Trustee of the Duane W. and Beverly A. Dilenbeck Living Trust Dated 02/03/1994, | ) ) ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0541 Circuit No. 17-MR-73 |
| DENNA DILENBECK-BROPHY and NANCY DILENBECK-DEDECKER, | ) ) ) ) | Honorable Terence M. Patton, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice McDade concurred in the judgment and opinion.

**OPINION**

¶ 1        Following admittedly contentious attempts to distribute assets of a trust established by her

late parents, plaintiff Karen Dilenbeck, acting as trustee, filed a complaint for declaratory judgment

seeking the disinheritance of her sisters, defendants Denna Dilenbeck-Brophy and Nancy

Dilenbeck-Dedecker pursuant to an *in terrorem* clause within the trust. The lower court interpreted

the language of the trust and ruled Karen was without authority to file the claim in a court of law.

The court found that all claims needed to be submitted to a special cotrustee. The court dismissed

the complaint without prejudice, stating Karen could file a complaint after the matter was submitted to a special cotrustee. Karen never submitted the matter to a special cotrustee. Undeterred, she filed a similar complaint, which the court also dismissed. Karen now appeals. We dismiss her appeal as untimely.

¶ 2                                                    I. BACKGROUND

¶ 3          Duane and Beverly Dilenbeck executed documents effectuating the Duane W. and Beverly A. Dilenbeck Living Trust. Duane and Beverly acted as the initial trustees. Their daughters, Karen Dilenbeck, Denna Dilenbeck-Brophy, and Nancy Dilenbeck-Dedecker, are the sole living children of Duane and Beverly, as well as the only beneficiaries under the trust. The assets of the trust include, among other things, farmland, equipment, vehicles, stock, and personal property. Of note, the language of the trust contains "Special Co-Trustee Provisions" as well as an *in terrorem* clause.

¶ 4          The "Special Co-Trustee Provisions" are meant to resolve disputes and conflicts of interest and to protect trust assets. Subsection h. of the provisions titled "Resolution of Disputes" provides:

> "The Special Co-Trustee may unilaterally resolve any dispute, claim or conflict between beneficiaries *** between a beneficiary and a trustee, or between trustees. Such resolution shall be binding on all parties to our Trust and shall not be subject to review. *No one may file or instigate a claim in a court of law without first submitting the claim to the Special Co.-Trustee for resolution ***.* The Special Co-Trustee may submit the claim or dispute for mediation and/or binding arbitration. Subsequent to his or her review, the Special Co-Trustee may give any claimant the authority to file and maintain an action in a court of law." (Emphasis added.)

¶ 5    The *in terrorem* clause provides that, "[n]otwithstanding the 'Resolution of Disputes' provisions under [the Special Co-Trustee Provisions] of our Trust," certain enumerated conduct would result in disinheritance of a beneficiary. The clause also provides that "[t]he authority of the Special Co-Trustee appointed under [the Special Co-Trustee Provisions] to resolve disputes between *** beneficiary and Trustee *** in no way nullifies the provisions of this Section."

¶ 6    Subsequent to the enactment of the trust, Beverly passed away, leaving Duane as the sole trustee. Pursuant to the provisions of the trust, Duane executed an amendment naming himself and his daughter Karen as cotrustees. Duane, prior to his death in August 2016, resigned as cotrustee, leaving Karen as the sole trustee.

¶ 7    After Duane's death, in an attempt to begin distributing assets from the trust, Karen decided to rely upon an appraisal report provided by Sikich LLP for the valuation of the Geneseo Communication stock held within the trust. The appraisal was prepared for Geneseo Communication Inc., for corporate planning purposes and annual reporting to shareholders. The appraisal specifically provided, "[t]he resulting conclusions presented herein should not be used for any other purpose or by any other party for any purpose." Denna and Nancy objected to the use of the appraisal. Instead, they wanted to appoint a special cotrustee to value the stock. The terms of the trust allowed for a special cotrustee to be designated by a majority vote of the beneficiaries.

¶ 8    On April 17, 2017, Karen, in her capacity as trustee, filed a complaint for declaratory judgment seeking to enforce the trust's *in terrorem* clause and disinherit Denna and Nancy from all bequests under the trust. Karen alleged that Denna and Nancy had engaged in 15 separate acts that violated the clause. Denna and Nancy's acts included:

"a. Objected to the allocation of the Geneseo [Communication] Company stock to [Nancy] asking that the trust be disregarded in this respect and that one-third of the Geneseo Telephone Company stock be allocated to each beneficiary so that she would receive more of the other liquid assets;

b. Objecting to [Karen's] determination to use the appraised valuation as of December 31, 2015 of the Geneseo Communications stock based upon the appraised per share value determined by the expert selected by the company, [Sikich LLP];

c. Objected to [Karen] having the authority to select the appraiser to appraise the trust real estate and asking that Defendants also be involved in all interviews of appraisers.

\*\*\*

n. [Denna] entered into a cash-rent farming agreement(s) \*\*\*, executed a lease, or leases, and accepted a down payment of funds in this regard, thereby wrongfully exerting control over trust assets, without the input or consent of [Karen];"

¶ 9      In response, Denna and Nancy filed a motion asking the circuit court to compel alternative dispute resolution or, alternatively, to dismiss Karen's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)) for failing to allege actions that would subject them to the *in terrorem* clause. Relevant here, Denna and Nancy requested that the court force Karen to bring the matter before a special cotrustee as they alleged the provisions in the trust

- 4 -

mandated. Karen then filed a motion for "Turnover of Funds and to Invalidate Lease Agreement" related to the cash-rent farming agreements allegedly entered into by Denna.

¶ 10      After hearing arguments on the motions, the court interpreted the trust, finding that Karen was required to bring any claim before a special cotrustee prior to a court of law hearing the matter. The court stated,

> "But what I really focus on is on the top of page 3-8 [Special Co-Trustee Provisions, subsection h., Resolution of Disputes]. It says—and this is a quote—'No one may file or instigate a claim in a court of law without first submitting the claim to the Special Co-Trustee for resolution together with detailed supporting information and a detailed supporting memorandum of law,' closed quote. That seems pretty clear to me. Whoever you are, if you want to file something in court, you first have to take it to a special co-trustee for resolution."

The court dismissed the complaint without prejudice.

¶ 11      Karen then filed a motion to reconsider. The court denied the motion on January 9, 2018, stating,

> "All right, looking at the trust document *** and this is the section we're talking about, the special co-trustee, it says, 'No one may file or instigate a claim in a court of law without first submitting the claim to the Special Co-Trustee for resolution.' That, in my opinion, can't be any clearer. No one may file or instigate a claim. It doesn't limit and say certain claims have to be submitted to the special co-trustee and certain don't. It says no one may file or instigate a claim.

"So the way I read this is that you must first submit it to the special co-trustee before you can instigate or file a claim in a court of law, and that's why I granted the motion to dismiss. That's the defect in the pleading, and there's no allegation that this was first submitted to the special co-trustee or no allegation that the plaintiff made good-faith efforts to submit it to the special co-trustee and the defendants refused to cooperate. ***

So once that's done, I mean, an amended pleading can be filed alleging 'we did submit this to a special co-trustee' or—or what have you. But that was the defect in the pleading, and that was the basis of the motion—the granting of the motion to dismiss."

Karen never submitted the claim to a special cotrustee.

¶ 12        On March 16, 2018, Karen, in her capacity as trustee, filed a two-count, amended complaint for declaratory judgment under the same case number as the previous complaint. Karen, again, alleged her sisters had violated the *in terrorem* clause of the trust and, as a result, should be disinherited. In addition, Karen sought the assistance of the circuit court in "enforcing her authority as trustee." Explicitly, Karen stated that, pursuant to certain provisions of the trust, she had the authority to have the Geneseo Communication stock valued by an appraiser of her choosing. Despite Denna and Nancy's refusal to accept the appraisal by the selected appraiser, Karen alleged "[t]here is no basis for the appointment of a Special Trustee" absent evidence showing a need to protect assets or the interests of the beneficiaries.

¶ 13        Denna and Nancy requested the court dismiss the complaint, asserting that Karen failed to allege any actions committed by them that would compel the use of the *in terrorem* clause.

Furthermore, they argued that all disputes needed to be brought before the special cotrustee, as previously ordered by the court.

¶ 14 The circuit court heard arguments, after which it entered judgment in favor of Denna and Nancy. The court, again, found that Karen needed to submit her claims to a special cotrustee. The court stated,

> "My belief is the same now as it was before. This is a claim that must be submitted to the special co-trustee before anyone can file an action in court, and it specifically provides that the special co-trustee, they can interpret or decide what the trust says, and if they wish, if the special co-trustee wishes, the special co-trustee can file a declaratory judgment action or instruct the trustee to do so."

¶ 15 Karen sought reconsideration of the court's ruling. The court heard arguments on the motion to reconsider and on a motion for sanctions filed by Denna and Nancy. The court denied the motion to reconsider and took the motion for sanctions under advisement. Karen filed her notice of appeal on September 12, 2019. The motion for sanctions remains pending in the circuit court.

¶ 16 In this court, Denna and Nancy filed a motion to dismiss the appeal, arguing that we lacked jurisdiction to review the matter on numerous grounds. The sisters requested that we enter judgment "promptly" and not review the motion to dismiss with the appeal. We denied the motion to dismiss, ordering the parties to address the issue of subject-matter jurisdiction in their briefs.

¶ 17                                    II. ANALYSIS

¶ 18 Karen counters Denna and Nancy's arguments in the motion to dismiss asserting that this court has jurisdiction to hear her appeal. She argues that (1) the lower court's August 13, 2019,

order was a final judgment that disposed of a definite and separate portion of the controversy, (2) the words "without prejudice" in the lower court's order does not strip us of jurisdiction, (3) Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016) bestows jurisdiction upon this court, and (4) in the alternative, even if her appeal is premature, we should hold the matter in abeyance until the motion for sanctions is disposed of below pursuant to Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017).

¶ 19        Denna and Nancy respond by arguing that (1) the lower court orders were not substantively final, (2) the words "without prejudice" in the most recent order require a finding that the order was interlocutory, (3) Rule 304(b)(1) does not confer jurisdiction, and (4) Karen's appeal is untimely or, in the alternative, premature.

¶ 20        Appellate jurisdiction is a question of law that we review *de novo*. *People v. Salem*, 2016 IL 118693, ¶ 11. We turn our attention to whether the lower court's orders were final or interlocutory, as we find this issue decisive.

¶ 21        The difference between final and interlocutory orders has not been "scientifically prescribed." *Ylonen v. Ylonen*, 2 Ill. 2d 111, 116 (1954). In a civil case, every final judgment rendered in the circuit court is appealable as a matter of right by the parties. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). A final order has been defined as one that "ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982). Courts have also found that a final judgment is one that ultimately disposes of the rights of the parties, either on the entire controversy or some definite and separate part of it. See *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008); *Roddy v. Armitage-Hamlin Corp.*, 401 Ill. 605, 609-10 (1948); see also *A.J. Smith Federal Savings Bank v. Sabuco*, 2013 IL App (3d) 120578, ¶ 14.

¶ 22    Generally, the dismissal of a complaint "without prejudice" makes such an order interlocutory and unappealable. See *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 76 (1992). However, it is well established that, in determining whether an order is final, we look to its substance and effect rather than simply relying on its form. See *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 350 (2002); *In re J.N.*, 91 Ill. 2d 122, 128 (1982); *Mills v. Ehler*, 407 Ill. 602, 609 (1950); *Altschuler v. Altschuler*, 399 Ill. 559, 570 (1948); *Krause v. USA DocuFinish*, 2015 IL App (3d) 130585, ¶ 16. An order meant to be interlocutory and directing for further proceedings may nonetheless "so completely adjudicate the rights of the parties as to constitute a final and appealable order." *Altschuler*, 399 Ill. at 570; *Groves v. Farmers State Bank of Woodlawn*, 368 Ill. 35, 45 (1937). "The question of finality must be considered with reference to the particular facts and circumstances of each case." *Clemons*, 202 Ill. 2d at 350 (citing *Mills*, 407 Ill. at 609; *Roddy*, 401 Ill. at 610).

¶ 23    Karen contends that, once the circuit court interpreted the trust, thereafter requiring her to submit all claims to a special cotrustee as a prerequisite of seeking judicial intervention, the court "clearly entered a final order disposing of *some definite and separate portion of the controversy*." (Emphasis in original.) We agree. The court's order was a substantive disposition regarding the interpretation of trust provisions. The court adjudicated Karen's rights as trustee to bring suit under the *in terrorem* clause. The court also settled the dispute as to whether a special cotrustee was required. By its plain language, the trust provided for the disinheritance of beneficiaries under the *in terrorem* clause in the presence of certain conduct, "[n]otwithstanding" the special cotrustee provision concerning resolution of disputes. The lower court relied on the resolution of disputes provision, denied Karen the authority to bring a suit under the *in terrorem* clause and, instead, vested that authority within the special cotrustee.

¶ 24    By vesting the authority in the special cotrustee, the lower court also adjudicated the rights of Denna and Nancy. Karen had been resisting attempts by her sisters to have a special cotrustee appointed. By the terms of the trust and the circumstances at the time of this litigation, Denna and Nancy were able to designate a special cotrustee of their choosing by voting together. In interpreting the trust, the court resolved the matter by finding Karen lacked the authority to bring the cause and that Denna and Nancy would get to select a special cotrustee to hear the matter. While it is clear the circuit court intended that Karen could bring her claims before the court again if allowed by the special cotrustee, by ruling Karen lacked authority to pursue the claim and enforcing a condition precedent of bringing all claims before the special cotrustee, the court entered a final disposition in the matter at hand. Per the provisions of the trust, once Karen submits a claim to the special cotrustee, there is the distinct possibility that the claim may never see the inside of a courtroom, given the binding impact the trust gives to the special cotrustee's decisions.

¶ 25    In light of the analysis above, we find the language "without prejudice" in the orders granting dismissal of Karen's complaints is not determinative of whether they were final in nature. The words "without prejudice" are not talismanic and do not require blind deference when determining the effect of the lower court's order. See *United States v. City of Milwaukee*, 144 F.3d 524, 531 (7th Cir. 1998) (stating that the phrase "without prejudice" is not accorded "talismanic importance" and instead "the totality of the circumstances" dictates whether an order satisfies the final judgment rule); accord *Altschuler*, 399 Ill. at 570. Here, after the lower court's ruling, there was no amendment to the pleadings that would allow Karen to pursue her claim without accomplishing the condition precedent the lower court established through interpretation of the trust.

¶ 26    Under these specific facts and circumstances, we find that, when the lower court interpreted the trust, adjudicated certain powers of the trustee, and settled the underlying dispute concerning the special cotrustee, its ruling constituted a final judgment.

¶ 27    However, that does not end the inquiry into our jurisdiction over this matter. The circuit court made the abovementioned substantive finding not once but twice. When reviewing the circuit court's separate findings, they are substantively identical. Denna and Nancy point this out and argue that if we find persuasive Karen's argument that the circuit court's order is a final judgment—which we do—then this appeal is untimely due to the failure to appeal the lower court's original order. We find this argument dispositive.

¶ 28    The timely filing of a notice of appeal is both mandatory and jurisdictional. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Pursuant to Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017), "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from," or in the case of a timely posttrial motion "within 30 days after the entry of the order disposing of the last pending postjudgment motion" directed against the judgment.

¶ 29    The court denied Karen's motion to reconsider the original order on January 9, 2018. The court's judgment was final in nature, giving Karen 30 days to file her notice of appeal. Karen allowed the 30 days to pass without filing a notice of appeal, and instead, on March 16, 2018, she opted to file an amended complaint under the same case number. When faced with this new complaint, the circuit court reiterated, "[m]y belief is the same now as it was before. This is a claim that must be submitted to the special co-trustee before anyone can file an action in court[.]" The court's original order was a final judgment, determining the parties' rights in this matter. See

- 11 -

*Altschuler*, 399 Ill. at 570. At oral arguments, Karen's counsel acknowledged the original order was final in nature. As a result, the appeal before us is untimely.

¶ 30        Accordingly, we dismiss this appeal for a lack of jurisdiction.

¶ 31                                III. CONCLUSION

¶ 32        For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 33        Appeal dismissed.

**No. 3-19-0541**

| | |
|---|---|
| **Cite as:** | Dilenbeck v. Dilenbeck-Brophy, 2020 IL App (3d) 190541 |
| **Decision Under Review:** | Appeal from the Circuit Court of Henry County, No. 17-MR-73; the Hon. Terence M. Patton, Judge, presiding. |
| **Attorneys for Appellant:** | Katherine Varlas Teel, of Pepping, Balk, Kincaid & Olson, Ltd., of Silvis, for appellant. |
| **Attorneys for Appellee:** | Julie L. Galassi and Melinda L. Mannlein, of Hasselberg, Rock, Bell & Kuppler, LLP, of Peoria, for appellees. |