**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240047-U

Order filed June 5, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| SHAWN ANDERSON AS TRUSTEE OF THE MARK L. ANDERSON REVOCABLE TRUST, dated November 19, 1994, as successor in interest and assignee of the Estate of Mark Anderson, | ) ) ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellant, | ) ) ) | Appeal No. 3-24-0047 Circuit No. 23-LA-564 |
| v. | ) ) ) | Honorable Timothy J. McJoynt, Judge, Presiding. |
| DANIEL KAMIDE and ANNA L. KAMIDE, | ) ) ) | |
| Defendants-Appellees. | ) | |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Holdridge and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court abused its discretion when ordering a stay of collection proceedings where a stay was not requested by either party and its reasons for the stay were unreasonable.

¶ 2    Plaintiff, Shawn Anderson as Trustee of the Mark L. Anderson Revocable Trust, appeals the circuit court's stay of proceedings in the collection matter against defendant, Daniel Kamide,

arguing that the circuit court abused its discretion by staying collection proceedings until foreclosure actions against Daniel were resolved. For the reasons that follow, we reverse and remand.

¶ 3                                                    I. BACKGROUND

¶ 4          On June 1, 2023, Anderson filed a notice of filing to register a foreign judgment in Du Page County. The judgment attached to the notice was an order for deficiency/waste judgment and judgment from the state of Wisconsin against Daniel M. Kamide and Anna L. Kamide for $190,595.70, plus interest. Further, the Wisconsin order included a tortious waste judgment against Daniel in the amount of $28,925.00, which doubled to $57,950.00, plus interest, per Wisconsin statute. This order was granted on July 5, 2016, and filed on July 18, 2016. In the notice of filing to register the foreign judgment, Anderson calculated post-judgment interest to be $130,319.53, resulting in a total judgment against the Kamides of $320,915.23.

¶ 5          Anderson later filed a citation to discover assets against Danna Pools, Inc., and a wage garnishment action against Daniel. Separate foreclosure actions also were filed against property owned by the Kamides in Du Page and Cook Counties.

¶ 6          On October 9, 2023, Daniel filed a motion to dismiss the supplementary proceedings. During briefing, the circuit court learned of the foreclosure actions. A hearing occurred on December 21, 2023. At that time the court stated that it would stay the collection proceedings until the foreclosure actions in Cook and Du Page Counties concluded. Regarding costs, fees, and interest, the court stated "[i]f the plaintiff wants to collect more, i.e. interest, court costs, attorney's fees, all of the calculations they came up with, different calculations came up as to what is actually due on top of the $190,000, go back to Wisconsin and ask that court" to include it in the judgment amount.

2

¶ 7        Anderson filed a motion to reconsider on January 10, 2024, arguing that the court should allow for simultaneous collection proceedings. In support, Anderson cited Illinois Supreme Court Rule 277(g), which provides that supplemental proceedings against a debtor may be conducted concurrently, and to caselaw that held that the judgment creditor may elect what course of action to pursue to collect a judgment. Ill. S. Ct. R. 277(g) (eff. Oct. 1, 2021).

¶ 8        At the hearing on Anderson's motion to reconsider, the court stated that another reason it chose to stay the proceedings was because the amount being sought was different in several of the pleadings Anderson filed. The pleadings the court referenced included a citation to discover assets and wage deduction summons to Danna Pools listing the amount to be collected as $320,915.23; the amended certificate of attorney regarding affidavit for wage deduction order was for $320,915.23 plus filing fees and interest, totaling $321,044.36; a wage deduction order in the amount of $325,821.28, which included the interest from the date the judgment was registered; and a citation to discovery assets in the amount of $331,756.01, which included interest on the original amount to the date of the citation's filing.

¶ 9        The court denied the motion to reconsider, and Anderson filed a timely notice of interlocutory appeal.

¶ 10                                      II. ANALYSIS

¶ 11        This matter comes before us on interlocutory appeal. In an interlocutory appeal from an order staying proceedings, our review is limited to whether the circuit court abused its discretion in granting the stay. *Certain Underwriters at Lloyd's, London v. Boeing Co.*, 385 Ill. App. 3d 23, 36 (2008). Under the abuse of discretion standard, we will not reverse unless the circuit court's ruling is " 'arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view.' " *Health Care Service Corporation v. Walgreen Company*, 2023 IL App (1st)

3

230547, ¶ 19 (quoting *Universal Metro Asian Services Ass'n v. Mahmood*, 2021 IL App (1st) 200584, ¶ 26.). An abuse of discretion is a deferential standard that occurs only when the circuit court "acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored principles of law so that substantial prejudice resulted." *Estate of Bass ex rel. Bass v. Katten*, 375 Ill. App. 3d 62, 67 (2007).

¶ 12 The court provided two reasons for staying the proceedings in the instant matter: (1) other collection and foreclosure proceedings were pending in both Cook and Du Page Counties, and (2) the pleadings contained inconsistent monetary amounts. An order staying proceedings serves to preserve the status quo without addressing the merits of the underlying dispute. *Health Care Service Corporation*, 2023 IL App (1st) 230547, ¶ 21. A circuit court may *sua sponte* stay a proceeding as part of its inherent authority to control the disposition of the cases before it. *Estate of Bass*, 375 Ill. App. 3d at 68. In doing so, the court may consider whether a stay supports orderly administration of justice and judicial economy. *Health Care Service Corporation*, 2023 IL App (1st) 230547, ¶ 21. In addition, the benefits of the stay must clearly outweigh the harm that may accrue from a delay in proceedings. *Boeing*, 385 Ill. App. 3d at 36.

¶ 13 Regarding the court's first justification for staying the matter, it stated that the cause should be stayed until the other collection actions were completed. It gave no further explanation for why it would be beneficial to wait until those proceedings were resolved and did not address whether there would be any harm in such a delay. See *id.* However, Illinois Supreme Court Rule 277(g) clearly allows for multiple collection proceedings to occur at once. Ill. S. Ct. R. 277(g) (eff. Oct. 1, 2021) ("Supplementary proceedings against the debtor and third parties may be conducted concurrently or consecutively."). Further, "[t]he election of the method of enforcing of judgments, with the exception of those entered in a small claims case, is vested in the

4

judgment creditor." *Silver Cross Hospital v. Campbell*, 140 Ill. App. 3d 746, 748 (1986). Anderson's choice to pursue several concurrent collection proceedings in the counties where collectible assets were located was thus allowable. Moreover, staying this action to determine first whether another proceeding will fully satisfy a judgment may create an unnecessary delay in relief that would not be economically sound, given that a creditor is permitted to pursue concurrent collection actions. See *Pekin Insurance Co. v. Johnson-Downs Construction, Inc.*, 2017 IL App (3d) 160601, ¶ 10 (the circuit court should consider judicial economy when deciding whether to stay proceedings before it.). It was therefore unreasonable for the circuit court to stay proceedings where it failed to provide any explanation as to how this decision promoted judicial economy or how any potential benefit of a stay outweighed the harm in delaying it when concurrent collection proceedings is clearly allowed in Illinois. See *Health Care Service Corporation*, 2023 IL App (1st) 230547, ¶¶ 19, 21.

¶ 14　　As for any inconsistencies in monetary amounts in Anderson's filings, the court stated that it was concerned whether the correct monetary judgment amount was identified and that the pleadings were inconsistent in stating the amount due. Anderson argues, however, that the differences in the amounts were due to the application of interest at different times throughout the proceedings. A review of the documents in question indeed establishes that the different sums amount to periodic increases in the interest to be collected as time passed without collection of the money judgment and not due to any error or mistake, as the court seemed to suggest.

¶ 15　　The court was also incorrect in concluding that Anderson must "go back to Wisconsin" for interest or attorney fees, as nothing precludes the collection of these fees in the instant case. In fact, the Illinois Code of Civil Procedure specifically permits it. See 735 ILCS 5/2-1303 (West

2022) (providing calculations for post-judgment interest and requires judgment debtor to pay judgment, costs, and interest). Additionally, section 12-667 of the Code provides that once a foreign judgment is registered in Illinois, it is enforceable in the same manner as if rendered in Illinois, meaning that once it is registered in the state, creditors may pursue collection of foreign judgments in the manner provided by the Code. *Id.* § 12-667. This includes the collection of any interest on the judgment. See *id.* § 2-1303.

¶ 16 The court's reasons to stay the proceedings were unexplained and incorrect. Therefore, the decision to stay collection proceedings was arbitrary and unreasonable, as there was no sound basis to support such a ruling. Accordingly, the court's decision to stay proceedings was an abuse of discretion, and we reverse and remand to the circuit court for collection actions to proceed.

¶ 17                                    III. CONCLUSION

¶ 18 The judgment of the circuit court of Du Page County is reversed and remanded for further proceedings not inconsistent with this order.

¶ 19 Reversed and remanded.

6