2025 IL App (1st) 241007-U

SECOND DIVISION
March 18, 2025

No. 1-24-1007

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| KISWANI LAW, P.C., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24M1500147 |
| | ) | |
| CHAUNDI INTOE, | ) | Honorable |
| | ) | Thomas A. Morrissey, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Circuit court order denying judgment creditor's wage deduction request and entering an installment payment plan applicable to small claims actions reversed where the instant action did not involve a small claim.

¶ 2    Plaintiff, Kiswani Law, P.C., (Kiswani) is a law firm which provided legal services to defendant, Chaundi Intoe, in a domestic relations action. On May 31, 2023, after that representation, the parties entered into a consent judgment awarding Kiswani $9614.53, as attorney fees that Intoe agreed were reasonable and necessary. At some point thereafter, Intoe stopped making payments to Kiswani as agreed in the consent decree.

¶ 3    On March 12, 2024, Kiswani filed an Affidavit for Wage Deduction Order, averring that it was still owed $8,206.82 under the judgment, and that it believed that Intoe was employed by Chicago Public Schools (CPS). Thereafter, the circuit court clerk issued a summons to CPS. CPS responded, confirming that Intoe was employed with CPS and that she was paid every two weeks. After completing the form calculation to determine the amount of withholding, CPS determined that $797.53 of Intoe's biweekly wages were subject to withholding.

¶ 4    The court held a hearing on May 3, 2024. A transcript of that hearing does not appear in the record in this appeal. On May 6, 2024, the trial court entered a written order on Kiswani's request for wage deduction. The court noted that CPS indicated that Intoe is an active employee and that she earns sufficient wages for garnishment.  The court further noted that Intoe "requested a Rule 288 installment plan in lieu of a wage garnishment order," and that Kiswani "objected to" an installment plan under Rule 288.

¶ 5    The court further stated that Intoe acknowledged the $9614.53 judgment, and that the current balance due was $8255.02. The court ordered Intoe to pay that amount, plus statutory interest and costs in installments of "$150.00 biweekly, beginning May 17, 2024, and every other Friday thereafter until the amount due with statutory interest and costs [is] paid in full."

¶ 6    The court then stated the following:

> "Authority for the use of this Order [for installment payments] is found in Illinois Supreme Court Rule 288, Installment Payment of Judgments, which provides
>
> ["]The court may order that the amount of a small claim judgment shall be paid to the prevailing party on a certain date or in specified installments.["]

¶ 7    The court denied Kiswani's request for a wage deduction, and ordered CPS to "return held funds to Ms. Intoe."

¶ 8 Kiswani filed a timely notice of appeal from that order. In this court Kiswani contends that the trial court erred in denying its wage deduction request, and instead ordering an installment payment plan under Illinois Supreme Court Rule 288. Kiswani contends that it met the statutory requirements to be entitled to a wage deduction order, and the trial court erred in ordering an installment plan under a Rule that applies only to small claims actions.

¶ 9 Initially, we note that Intoe has not filed a responsive brief in this matter. As such, we review this appeal pursuant to the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976). In this matter, the record is simple and the claimed error is such that we can easily decide the matter without the aid of an appellee's brief. *Id.* at 133.

¶ 10 In this case, Kiswani sought to garnish a portion of Intoe's wages pursuant to the Wage Deduction Act (Act). 735 ILCS 5/12–801 et seq. (West 2022). The Act contains the statutory authority for enforcement of judgments by levying against a judgment debtor's wages. See *A.J. Smith Federal Savings Bank v. Sabuco*, 2013 IL App (3d) 120578, ¶ 11. Specifically, section 12-803 of the Code allows garnishment of "the lesser of (1) 15% of such gross amount paid for that week or (2) the amount by which disposable earnings for a week exceed 45 times the Federal Minimum Hourly Wage." Intoe's wages, as provided by CPS, subject her to garnishment under the first option.

¶ 11 After a judgment creditor applies for issuance of a summons, a hearing is held to determine whether a wage deduction order, requiring the employer to make periodic deductions from an employee's wages to satisfy the judgment, is to be entered. *Id.* The judgment debtor may dispute the amount or validity of the underlying judgment (*id.;* 735 ILCS 5/12–808.5(4) (West 2022)), the employer's answer, and whether and to what extent the income is exempt from garnishment (see 735 ILCS 5/12-811 (West 2022)).

¶ 12    Here, the trial court's written order establishes that Intoe did not dispute the judgment or the amount that remained due. Thereafter, CPS confirmed that Intoe's wages were sufficient for garnishment, and applying the 15% calculation to Intoe's non-exempt biweekly wages left $797.53 for withholding.

¶ 13    The trial court, however, did not enter a wage deduction order for that amount. Instead, the trial court stated that Intoe "requested a Rule 288 installment plan in lieu of a wage garnishment order," and the court agreed, ordering her to pay $150 biweekly, less than one-fifth of what would have been required under a wage deduction order. Although we do not have a copy of the transcript in this case, and we do not know what arguments Intoe made to the court along with her request for an installment plan, this court has previously explained that a court may not deviate from the 15% required by the Act, even in cases of "extreme hardship."

¶ 14    In *National Collegiate Student Loan Trust 2004-1 v. Ogunbiyi*, 2018 IL App (1st) 170861, a student loan borrower did not repay her student loans. When the borrower obtained employment, the note holder sought an order garnishing 15% of her pretax income under section 12-803 of the Code. The borrower "persuaded the [trial] court that the wage deduction would impose excessive hardship on her" and accordingly, the trial court denied the wage deduction, and ordered the borrower to pay a reduced monthly payment to the note holder. *Id.*, ¶ 5.

¶ 15    On appeal, this court explained that section 12-803 of the Code previously allowed a court to order garnishment of the borrower's wages up to a "maximum" of 15%. *Id.*, ¶ 10. In 2007, however, the legislature amended the provision to remove the word "maximum." This court extensively examined the legislative history of the amendment, including transcripts of legislative debates on the amendment, showing that the amendment was intended to eliminate "judicial discretion as to who's going to pay their bills and who is not," and that under the amended statute,

there would not be judicial "flexibility in hardship cases to order a smaller percentage of garnishment." *Id.*, ¶ 11. This court determined that, in passing the amendment, "the legislature showed its intent to deny the courts the discretion to enter a wage deduction order in an amount less than the amount set by section 12-803." *Id.*, ¶ 13. "Because the legislature explicitly eliminated judicial discretion in the determination of the amount to deduct from wages," this court reversed the circuit court's order, and remanded for further proceedings. *Id.*, ¶ 19.

¶ 16    As in *Ogunbiyi*, the trial court here was not authorized to enter an order allowing Intoe to make payments less than that authorized by the Act. And this conclusion is not altered by the trial court's reliance on Illinois Supreme Court Rule 288 as "authority" for the installment order. Under Rule 288, a "court may order that the amount of a *small claim judgment* shall be paid to the prevailing party on a certain date or in specified installments." (Emphasis added). Rule 281 defines "small claim" for "the purpose of application of Rules 281 through 288" as "a civil action based on either tort or contract for money not in excess of $10,000, exclusive of interest and costs."

¶ 17    The judgment here, although under the threshold amount, was not part of a small claim action. Instead, the judgment was entered as part of a domestic relations proceeding. Accordingly, Rule 288 provides no authority for an installment plan deviating from the amount dictated by section 12-803. See *Silver Cross Hospital v. Campbell*, 140 Ill. App. 3d 746, 748 (1986) ("[R]ule [288] has no applicability in the instant case, since as heretofore stated, the judgments with which we are concerned were not obtained in a small claim action.").

¶ 18    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for further proceedings consistent with this opinion.

¶ 19    Reversed and remanded.